720 P.2d 972

**The STATE of Arizona, Appellee,**

v.

**John J. CARSON, Appellant.**

**No. 2 CA–CR 4219.**

Court of Appeals of Arizona, Division 2, Department B.

June 4, 1986.

588

Frederick S. Dean, City Atty. by R. William Call, Asst. City Atty., Tucson, for appellee.

Harley Kurlander, Tucson, for appellant.

## OPINION

LIVERMORE, Presiding Judge.

Defendant was charged, and pled guilty to, agreeing to commit an act of prostitution in violation of a Tucson city ordinance. The ordinance provides for a mandatory minimum sentence of ten days in jail. The city magistrate found the mandatory sentence to be cruel and unusual punishment and refused to impose it. The State appealed to superior court; that court reversed the magistrate's ruling and ordered the matter remanded for resentencing. Defendant appeals from that order. Under A.R.S. § 22-375, we are limited to reviewing his claim that the mandatory jail sentence provision of the city ordinance is unconstitutional. We believe it constitutional and, therefore, affirm the order of the superior court.

In *Solem v. Helm,* 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983), the Court held a sentence of life imprisonment without possibility of parole for uttering a $100 bad check to be "disproportionate to the crime committed" and thus violative of the Eighth Amendment proscription of cruel and unusual punishments. In assessing constitutional proportionality, the Court said, reviewing courts should consider the gravity of the offense, the harshness of the penalty, the sentences imposed on other criminals in the same jurisdiction, and the sentences imposed for the same crime in other jurisdictions. The Court, however, added: "In view of the substantial deference that must be accorded legislatures ... a reviewing court rarely will be required to engage in extended analysis to determine that a sentence is not constitutionally disproportionate." 463 U.S. at 290, n. 16, 103 S.Ct. at 3009, 77 L.Ed.2d at 649.

Applying those factors to this case, it can be said that while the offense is not grave and the penalty not harsh, the mandatory sentence is longer than that mandated for some offenses of equal or greater gravity and that such mandated sentences for this offense are unusual in other jurisdictions. Nonetheless, we find the mandatory sentence constitutional because of the deference we must accord to legislative judgments concerning the means by which crime may be deterred. A legislative body may mandate minimal jail terms for conduct appropriately made criminal. To do so, it is required neither to mandate such terms for all offenses of similar gravity nor to wait until other jurisdictions have similarly acted. It is sufficient that there is a rational basis for concluding that the sentences will help achieve a desired social objective.

Affirmed.

BIRDSALL and FERNANDEZ, JJ., concur.