742 P.2d 289

**The STATE of Arizona, Appellee,**

v.

**Lyle William CREGO, Appellant.**

**2 CA–CR 4786.**

Court of Appeals of Arizona,
Division 2,
Department A.

July 23, 1987.

Reconsideration Denied Sept. 1, 1987.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III and Joseph T. Maziarz, Phoenix, for appellee.

Jim D. Himelic, Tucson, for appellant.

## OPINION

HATHAWAY, Judge.

Appellant pled guilty to two counts of child molestation and was sentenced to consecutive, aggravated prison terms of 20 years for each conviction. Counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969); appellant has not filed a supplemental brief.

Counsel raises one arguable issue: that the sentence imposed was excessive and constituted cruel and unusual punishment. While acknowledging that the sentence was within the statutory range provided by A.R.S. §§ 13–604.01 and 13–1410, appellant argues that the total 40–year sentence is disproportionate to the crime committed. We disagree and affirm.

## I. SENTENCING DISCRETION

A.R.S. § 13–604.01(B) mandates a presumptive prison term of 17 years for a conviction of child molestation. Subsection 13–604.01(J) requires that the sentence imposed for each count be consecutive to any other sentence imposed.[1] The 17–year presumptive sentence may be increased or decreased by up to five years pursuant to the provisions of A.R.S. § 13–702. A.R.S. § 13–604.01(D).

At sentencing, the court found aggravating circumstances: appellant's prior offenses, the prior sexual nature of the offense for which he had been released from prison just before the instant offenses, and appellant's lack of remorse. There is nothing in the record to indicate an abuse of the trial court's sentencing discretion. *See State v. Williams*, 134 Ariz. 411, 656 P.2d 1272 (App.1982).

## II. EXCESSIVE SENTENCE

The trial court observed that appellant has made child molestation his "calling card for the future." The probation officer who prepared the presentence report determined that long-term imprisonment of appellant was warranted to protect the community. The offenses charged in this case involved three different victims under the age of 15 years, began just months after appellant had been released from prison, and occurred while appellant was on parole.[2] Appellant's prior conviction had resulted from similar conduct. In view of the circumstances, we do not believe that the sentences imposed were excessive. *See State v. Cawley*, 133 Ariz. 27, 648 P.2d 142 (App.1982).

## III. CONSTITUTIONALITY OF SENTENCE

We recognize that the statutory prescription of a sentence does not necessarily establish its constitutionality. As appellant argues, a penalty may be so severe that it

1. Additionally, the statute requires "flat time"— that the entire sentence be served before a defendant may be eligible for release. A.R.S. § 13–604.01(E). The plea agreement provided that A.R.S. § 13–604.01 was applicable, that the sentences would be consecutive, and that appel-lant would be required to serve the entire sentence imposed by the court.

2. Appellant pled guilty to two counts, and the state dismissed three additional counts charging child molestation, class 2 felonies.

"offends the principles of contemporary society and thereby the Eighth Amendment." *State v. Day,* 148 Ariz. 490, 498, 715 P.2d 743, 751 (1986). In determining whether a sentence is constitutionally excessive, the Supreme Court set out a four-part test in *Solem v. Helm,* 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983). A reviewing court must consider the gravity of the offense, the harshness of the penalty, the sentences imposed on others in the same jurisdiction, and the sentences imposed on similarly situated defendants in other jurisdictions. The Supreme Court further stated, however, that "[i]n view of the substantial deference that must be accorded legislatures ... a reviewing court rarely will be required to engage in extended analysis to determine that a sentence is not constitutionally disproportionate." *Id.* at 290 n. 16, 103 S.Ct. at 3009 n. 16, 77 L.Ed.2d at 649 n. 16.

First, as to the gravity of the offense, we find that appellant's crimes were sufficiently serious to warrant the punishment imposed. Child molestation is indisputably a serious offense. Here, the two child molestation convictions arose from offenses committed upon two separate victims just months after appellant had been released from prison for a conviction arising from similar conduct. The trial court recognized that appellant poses a danger to society by observing that he has made child molestation his "calling card for the future."

Second, the sentence imposed upon appellant is not unconstitutionally harsh. Our supreme court has stated that where there is a legislatively prescribed penalty, the court does not determine whether it is fair in the court's view; rather, it need only consider if the penalty violates the Eighth Amendment as being unduly harsh. *State v. Garcia,* 141 Ariz. 97, 685 P.2d 734 (1984). Under the facts of this case, especially considering appellant's pattern of offenses involving children, we do not find the sentence to be unnecessarily harsh. In the presentence report, the probation officer stated: "The repetitive nature of the offenses, as well as the defendant's past failure on probation and his lack of positive response to a lengthy prison term suggest benefit of doubt is no longer appropriate.

Long-term imprisonment is warranted for the protection of the community." Appellant is not a good candidate for rehabilitation and poses a serious threat to a vulnerable group of potential victims.

Third, appellant's sentence is not disproportionate when compared with other sentences imposed upon similarly situated defendants in Arizona. All persons convicted of offenses against children such as child molestation, aggravated assault, sexual exploitation, child abuse, or kidnapping, are subjected to the penalties which were imposed upon appellant. A.R.S. § 13–604.01.

Finally, while some states do provide for less severe punishment for similar crimes, there are others that provide for similar or more severe punishment. In Florida, defendants convicted of similar crimes receive life sentences without possibility of parole for 25 years. *See Rusaw v. State,* 451 So.2d 469 (Fla.1984). In Ohio, the range of sentence imposable for sexual conduct with a person less than 13 years of age is five to 25 years for a first offense. O.R.C.Ann §§ 2907.02 and 2929.11. Utah provides for life sentences or for mandatory minimum sentences of five, 10, or 15 years for similar crimes. Utah Code Ann. § 76–5–403.1. *See State v. Bishop,* 717 P.2d 261 (Utah 1986). In Idaho, similarly situated defendants may be sentenced to any term up to life in prison. Idaho Code § 18–1508. *See State v. Martinez,* 111 Idaho 281, 723 P.2d 825 (Idaho 1986). Thus, appellant's 20–year sentences are not disproportionate to those imposed in other jurisdictions for similar offenses. The sentences were imposed for two separate offenses committed upon two different victims and, even though they are consecutive, we do not find that they violate the Eighth Amendment. As the Supreme Court stated in *Rummel v. Estelle,* 445 U.S. 263, 282, 100 S.Ct. 1133, 1143, 63 L.Ed.2d 382, 396 (1980), some state will always bear the distinction of punishing particular offenders more severely than any other state.

Our legislature has determined that those who commit sexual crimes against children are the most heinous of offenders. We recognize that the sentences mandated for the offense of child molestation, particularly the fact that the entire sentence

must be served and the requirement that all sentences be consecutive, are unusual in other jurisdictions. Nonetheless, as we stated in *State v. Carson*, 149 Ariz. 587, 588, 720 P.2d 972, 973 (App.1986):

> [W]e find the mandatory sentence constitutional because of the deference we must accord to legislative judgments concerning the means by which crime may be deterred. A legislative body may mandate minimal jail terms for conduct appropriately made criminal. To do so, it is required neither to mandate such terms for all offenses of similar gravity nor to wait until other jurisdictions have similarly acted. It is sufficient that there is a rational basis for concluding that the sentences will help achieve a desired social objective.

We have searched the entire record for fundamental error and have found none. The judgment of conviction and the sentences imposed are affirmed.

HOWARD, P.J., and FERNANDEZ, J., concur.