773 P.2d 974

STATE of Arizona, Appellee,

v.

Lawrence Leon TAYLOR, aka Thomas Michael Pierce, Appellant.

No. CR–87–0306–AP.

Supreme Court of Arizona, En Banc.

April 11, 1989.

As Amended on Grant of Reconsideration June 13, 1989.

Constance L. Trecartin, Tucson, for appellant.

Robert K. Corbin, Atty. Gen. by Jessica Gifford Funkhouser, Phoenix, and Bruce M. Ferg, Tucson, for appellee.

JOHN M. ROLL, Court of Appeals Judge.

Lawrence Leon Taylor appeals from convictions on 85 counts of crimes against children resulting in an aggregate prison term of 2,975 years. This court has jurisdiction pursuant to Ariz. Const., art. 6, § 5(3) and A.R.S. §§ 13–4031 and 13–4033. For the reasons set forth below, we affirm in part and reverse and remand in part.

### FACTS

In October 1985, Diana met Taylor when Taylor came to her Tucson residence and told her that he and his wife belonged to a church group which worked with young children. He also displayed a badge and indicated that he was active with a law enforcement group. Taylor expressed an interest in working with Diana's three children. Diana agreed to permit Taylor to take her three children, Herbert (nicknamed Lee), age 8, Brandy, age 6, and Nathan, age 5, to various locations. Between June and October 1986, Diana and her children lived rent-free in a house

owned by Taylor. Taylor continued to have regular contact with Diana's children during this period of time. In October 1986, Diana and her children moved to Oregon.

Between October 1986 and March 1987, Lisa lived in Tucson with three children, Danee, age 4, Fallon, age 3, and Christopher, 18 months old. Taylor was her landlord. Taylor told Lisa that he was with an organization affiliated with the sheriff's department involved in taking low-income children to the park, the zoo, and other locations. He showed a badge to Lisa as proof of his work. On two occasions, Taylor took Danee and Fallon on outings.

On February 5, 1987, Taylor and his wife vacated a trailer in which they lived in Tucson. On February 8, 1987, Daniel and Sheri Westermeyer helped Taylor's landlady clean out the Taylors' trailer. The Westermeyers discovered numerous Polaroid photographs, including an album containing 77 photos. Of the 77 photos, 50 depicted children, including the children of Diana and Lisa, engaged in sexual activity individually, with each other, or with Taylor. Some of the photographs were of unidentified children. The photographs were turned over to the police.

Lee testified that Taylor took Polaroid photographs of Lee, his brother, and his sister engaged in sexual activities. Taylor also had Lee perform sexual acts on Taylor, including fellatio. Lee was unable to identify Taylor in the courtroom.

Taylor gave Lisa Polaroid photographs of Danee and Fallon from his first outing with the two children. In these photographs, the girls were fully clothed. Danee was very upset when she returned from the second outing with Taylor. Danee then told Lisa that Taylor had touched her "po" with his "dick." Danee was taught to use the word "po" for vagina, but had never used the word "dick" to describe penis. The seized album contained Polaroid photographs of the two girls, but in these pictures, the girls were engaged in sexual conduct.

## PROCEDURAL BACKGROUND

Taylor was charged in two indictments with a total of 87 counts of sexual exploitation of a minor, sexual conduct with a minor under 15, and attempted sexual conduct with a minor. The indictments were consolidated and two counts were ultimately dismissed.[1]

Taylor was charged with a separate count of sexual exploitation by photographing a minor as to each photograph he took of Lee, Brandy, Nathan, Danee, and Fallon between May 1986 and February 1987. Taylor was also charged with a separate count of sexual exploitation of a minor as to the 50 pictures he possessed in February of 1987 up to the time he vacated his mobile home. Those photographs showing one or more children engaged in sexual conduct with each other or with Taylor were also the basis of separate counts of sexual conduct with a minor or attempted sexual conduct with a minor.[2]

Initially, the prosecutor alleged *Hannah* priors [3] and that each count was a dangerous crime against children in violation of A.R.S. § 13–604.01. Thereafter, the prosecutor alleged that Taylor had previously been convicted in 1984 in Texas of indecency with a child and in 1978 and 1982 in Illinois of indecent liberties with a child.

---

1. The indictment in CR–20582 alleged a total of 80 counts. The indictment in CR–20748 alleged an additional seven counts. When two counts were dismissed prior to trial, 85 counts remained, with the counts in CR–20748 renumbered to follow the 78 counts remaining in CR–20582. All numerical references to specific counts, unless otherwise indicated, are to the original numbers assigned to those counts in CR–20582.

2. Taylor was not charged with sexual exploitation by photographing minors as to those photos in which the identity of the minor was either unknown or uncertain. Taylor was not charged with sexual conduct with a minor or attempted sexual conduct with a minor as to those photographs depicting minors of unknown or uncertain identity engaged in sexual conduct with Taylor.

3. *State v. Hannah*, 126 Ariz. 575, 617 P.2d 527 (1980).

Following a five-day trial, a jury found Taylor guilty of 74 counts of sexual exploitation of a minor, eight counts of sexual conduct with a minor under 15, two counts of attempted sexual conduct with a minor under 15, and one count of molestation of a child. The jury found that Taylor had three prior convictions for sexual offenses involving children. Taylor received 85 consecutive sentences of life imprisonment without possibility of parole for 35 years.

## ISSUES ON APPEAL

On appeal, Taylor argues that (1) his request for an additional mental competency examination was erroneously denied; (2) two counts of the indictment, to wit, counts 47 and 48, were impermissibly altered; (3) the 50 counts of sexual exploitation of a minor arising from possession of photographs should constitute a single count; (4) sentences on several counts should run concurrently because they occurred on only two occasions and constituted spree offenses; (5) three offenses should run concurrently because they occurred on the same occasion; (6) counts 13 and 14 are identical and therefore multiplicitous; (7) three counts should be reversed because the trial court failed to instruct on criminal liability based upon conduct of another; (8) the mandatory consecutive sentences imposed constitute cruel and unusual punishment; and (9) counts 56 and 57 were incorrectly designated class three felonies.

### Denial of Additional Rule 11 Examination

The standard of review for denial of a competency hearing is abuse of discretion. *State v. Salazar*, 128 Ariz. 461, 462, 626 P.2d 1093, 1094 (1981); *State v. Bishop*, 137 Ariz. 5, 8, 667 P.2d 1331, 1334 (App. 1983).

■ On July 27, 1987, the trial judge directed that a preliminary evaluation of Taylor be conducted by the Pima County Court Clinic. The expert who performed that examination orally informed the court that Taylor was competent to stand trial and was sane at the time that the alleged offenses occurred.

On Taylor's motion, the trial court later directed that a complete Rule 11 examination be conducted. Rule 11, Ariz.R. Crim.P., 17 A.R.S. The psychologist who conducted the preliminary examination and a psychiatrist appointed to conduct the Rule 11 examination both testified at a September 1987 hearing that Taylor was competent to stand trial. The second expert appointed in connection with the Rule 11 examination did not testify because Taylor refused to speak to him.

Six days later, the morning the trial was to commence, Taylor again requested a Rule 11 examination. This request was based upon Taylor's assertion that during the recent Rule 11 proceedings he had attempted to follow the advice of a Texas attorney who had warned Taylor against cooperating with mental health experts.

The trial court refused Taylor's request. The trial court indicated that Taylor appeared to be competent to stand trial, that Taylor was simply trying to disrupt the trial, and that he doubted Taylor's statements that he was following instructions given by an attorney from another state. At no time did Taylor's attorney indicate that Taylor was unable to understand the proceedings or to assist in his defense. *See State v. Roper*, 140 Ariz. 459, 463, 682 P.2d 464, 468 (App.1984). The trial court did not abuse its discretion in refusing to grant Taylor an additional competency examination.

### Amendment of Indictment as to Counts 47 and 48

■ When counts 9 and 18 of the indictment were dismissed, original count 47 became count 45 and original count 48 became count 46. These counts involved photograph STC 31–A.[4] The original count 47

---

4. Because most of the 87 counts charged in the original two indictments were based upon one of the 50 photographs seized, the prosecutor identified the particular photograph upon which the specific count was based by the notation "STC," followed by a specific number assigned to the respective photograph. This procedure enabled members of the grand jury as well as

alleged that Taylor committed the offense of sexual exploitation by possessing a photograph of Lee between May and October 1986. The original count 48 alleged that Taylor committed the offense of sexual exploitation of a minor by photographing Lee in February 1987. Based upon the overall scheme of the indictment, the evidence presented at trial, as well as the prosecutor's later attempt to amend the indictment, it is clear that the state intended to charge Taylor with photographing Lee sometime between May and October 1986 and possessing a photograph of Lee in February 1987.

The first day of trial, the prosecutor moved to amend original count 47 so as to allege that Taylor committed the crime of sexual exploitation by photographing Lee between May and October 1986, as evidenced by photograph STC 31–A. Defense counsel did not object to this amendment and we find no error. However, original count 48 was never amended. The jury's verdict as to count 48 purported to find Taylor guilty of possessing photograph STC 31–A in February 1987 even though Taylor was charged in count 48 with having photographed Lee in February 1987. The prosecutor's apparent mistaken belief that this count had been amended so as to allege possession of photograph STC 31–A in February 1987, although understandable, cannot support Taylor's conviction on this count. Appellant cannot be convicted of a crime not presented to the grand jury and not the basis for the grand jury's indictment. *State v. Cummings*, 148 Ariz. 588, 590, 716 P.2d 45, 47 (App.1985).

We reverse Taylor's conviction as to count 48.

### Consecutive Sentences for Possession of Each of the 50 Photographs

■ Taylor was charged with 50 counts of sexual exploitation of children as a result of possession of 50 photographs of children engaged in sexual conduct. Each offense allegedly occurred in February 1987 when the various photographs were discovered in the trailer. The trial court

the trial jury to understand the alleged basis of

imposed consecutive sentences as to each of these counts.

Taylor argues that either the 50 sentences must run concurrently or, alternatively, the 50 counts must merge into a single count. In support of this proposition, Taylor primarily relies upon *Bell v. United States*, 349 U.S. 81, 75 S.Ct. 620, 99 L.Ed. 905 (1955). In *Bell*, in a 6–3 decision, the Supreme Court held that consecutive sentences could not be imposed for violation of the Mann Act, 18 U.S.C. § 2421 et seq., in a case in which the defendant simultaneously transported two women in the same vehicle for immoral purposes. In so ruling, the majority stated:

> ... [I]f Congress does not fix the punishment for a federal offense clearly and without ambiguity, doubt will be resolved against turning a single transaction into multiple offenses, when we have no more to go on than the present case furnishes.

349 U.S. at 84, 75 S.Ct. at 622, 99 L.Ed. at 910–11. The dissent pointed out that "[s]urely it did not intend to make it easier if one transported females by the bus load." 349 U.S. at 84, 75 S.Ct. at 623, 99 L.Ed. at 911.

In *United States v. Meyer*, 602 F.Supp. 1480 (S.D.Cal.1985), the district court applied *Bell* to the prosecution of an individual charged with 13 counts of transportation of material involving the sexual exploitation of children in violation of 18 U.S.C. § 2252(a)(1) and 13 counts of importation of obscene merchandise in violation of 18 U.S.C. § 545. The district court stated:

> The court finds that Congress has not provided clearly, and without ambiguity, for multiple counts in prosecution under both 18 U.S.C. § 2252(a)(1) and 18 U.S.C. § 545.

602 F.Supp. at 1482. After concluding that the violations occurred simultaneously and that lack of congressional intent to provide for the prosecution of multiple counts existed, the trial court directed the government to elect which one of the 13 transportation

each count.

counts and which one of the 13 importation counts would be prosecuted, with all other counts to be dismissed.

This so-called rule of lenity invoked in *Bell* and *Meyer* is a federal rule of statutory construction to be applied when congressional intent is ambiguous. *Callanan v. United States*, 364 U.S. 587, 596, 81 S.Ct. 321, 326–27, 5 L.Ed.2d 312, 318–19 (1961). Even under this rule, where the federal statutory construction is unambiguous, the rule of lenity is inapplicable. *Gore v. United States*, 357 U.S. 386, 391, 78 S.Ct. 1280, 1284, 2 L.Ed.2d 1405, 1409 (1958).

The precise issue raised by Taylor has not been decided in this state. In *State v. Lindsey*, 149 Ariz. 472, 720 P.2d 73 (1986), this court affirmed a defendant's convictions for six counts of sexual exploitation based upon the simultaneous possession of six photographs. Concurrent sentences were imposed on each of the six counts, and the issue of multiple convictions arising from the possession of multiple photographs was not raised on appeal. In *State v. Smith*, 156 Ariz. 518, 753 P.2d 1174 (App.1987), a defendant who had molested a ten-year-old child and taken 60 photographs of the child was convicted of two counts of child molestation, two counts of sexual conduct with a minor, and one count of sexual exploitation of a minor. There, the prosecutor elected to charge the possession of the 60 photographs as a single count.

The federal rule of lenity announced in *Bell* and applied to child pornography in *Meyer* does not require that the 50 counts of possession of photographs by Taylor be consolidated as one or that all 50 sentences run concurrently. Taylor concedes in his opening brief:

> Appellant does not deny that the Arizona courts have agreed with the legislature that defendants who commit sexual crimes against children should be severely sentenced.

The virtually all-inclusive sexual exploitation statutes adopted by the state legislature clearly convey a statutory intent that the consumer of child pornography be dealt with severely.

In the matter before us, evidence was presented that Taylor himself took each of the 50 photographs for which he was charged with possession. The legislature has provided for separate punishment for sexual exploitation of a minor by photographing the minor, A.R.S. § 13–3553(A)(1), and sexual exploitation of a minor by possessing a photograph of the minor. A.R.S. § 13–3553(A)(2). Taylor was charged separately with possessing each of 50 photographs in February 1987. Inasmuch as he himself took each of the photographs, he neither acquired nor possessed them simultaneously, but, rather, one at a time. *United States v. Esch*, 832 F.2d 531, 541–42 (10th Cir.1987), *cert. denied*, —— U.S. ——, ——, 108 S.Ct. 1084, 1299, 99 L.Ed.2d 242, 509 (1988).

Our conclusion might be different if Taylor had acquired all of the photographs at the same time in one book from someone else. We limit our holding regarding these counts to the situation in which an individual has photographed minors engaged in sexual conduct and thereby come into possession of photographs falling within the category of sexual exploitation of a minor.

The federal rule of lenity is inapplicable to Taylor, and the 50 consecutive sentences for sexual exploitation of a minor by possession of the photographs are affirmed.

*Concurrent Sentences Regarding Counts of Sexual Exploitation by Photographing Lee and Brandy and Sexual Conduct with Lee*

■ Taylor maintains that A.R.S. § 13–116, the so-called double punishment statute, requires that several of the 28 counts of sexual exploitation and sexual conduct with a minor must be reduced to no more than two exploitation counts and two counts of sexual conduct.

The state concedes that four counts of sexual conduct with a minor involving Lee

and evidenced by four specific photographs indicate that the four photographs were taken during one single episode of misconduct.[5] This is based on the fact that in these photographs, Lee is shown wearing the same shirt, with a blue carpet in the background, performing fellatio on Taylor. The sentences on these counts must run concurrently. However, the four counts of sexual exploitation by photographing Lee on this occasion do not constitute a single episode requiring concurrent sentences.[6] For each photograph to be taken, Taylor had to engage in the individual and separate act of taking the photograph. Each time, Lee was subjected to the degradation of being photographed while engaged in a single, ongoing sexual act with Taylor. Accordingly, consecutive sentences could be imposed on the four counts of sexual exploitation by photographing a minor.

Three other counts against Taylor arise from photographs depicting Lee wearing a particular shirt while performing fellatio on Taylor. In this regard, the two sexual conduct counts arising from a single episode should run concurrently.[7] However, the sexual exploitation count based upon the taking of the photograph can appropriately run consecutive to the two sexual conduct counts.[8] The remaining counts of sexual conduct with a minor and sexual exploitation by photographing minors all properly involve consecutive sentences.

Similar arguments are made regarding certain counts involving Brandy. Taylor argues that 11 counts of sexual exploitation by photographing Brandy should run concurrently.[9] However, each separate photograph constitutes a separate violation based upon a distinct act and is punishable as such.

### Concurrent Sentences for Photographs Taken of Danee and Fallon on a Single Occasion

Taylor next argues that three counts of sexual exploitation by photographing Danee and Fallon must run concurrently because the three photographs supporting those convictions indicate that the three pictures were taken on one occasion.[10] Even though the three photographs may have been taken on a single occasion, for the reasons previously discussed, Taylor is not entitled to have his sentences for the taking of each of these three photographs run concurrently.

### Multiplicitous Counts

Taylor next argues that two counts charge the identical offense, that is, sexual conduct with a minor by causing Nathan to engage in fellatio with Lee as evidenced by a single photograph.[11] Taylor maintains that these counts are multiplicitous because the same conduct was charged twice. *State v. Barber*, 133 Ariz. 572, 576, 653 P.2d 29, 33 (App.) *aff'd.*, 133 Ariz. 549, 653 P.2d 6 (1982); *State v. O'Brien*, 123 Ariz. 578, 582, 601 P.2d 341, 345 (App.1979).

We need not address Taylor's argument that defendant cannot be convicted of two counts of sexual conduct with a minor based upon enticing two young children to engage in sexual conduct with each other. The indictment in this case did not involve identical language in two separate counts. Rather, count 14 alleged that Taylor committed sexual conduct with a minor by causing Nathan to perform fellatio on Lee. Count 15 alleged that Taylor caused Nathan to engage in fellatio *with Nathan.*

We reverse Taylor's conviction on count 15.

---

5. These counts were originally designated counts 3, 8, 23, and 29.

6. *Id.,* counts 1, 6, 21, and 27.

7. *Id.,* counts 45 and 49.

8. *Id.,* counts 43 and 48.

9. *Id.,* counts 10, 16, 19, 24, 37, 39, 41, 50, 52, 58, and 60.

10. These counts were originally designated counts 1, 3, and 6 in the indictment returned in CR–20748.

11. These counts were originally designated counts 14 and 15 in the indictment returned in CR–20582.

### Jury Instruction

■ Taylor argues that the trial court erred by failing to instruct the jury regarding criminal liability based upon conduct of another. A.R.S. § 13–303. Taylor did not request this instruction and did not object to the jury instructions given. Accordingly, absent fundamental error, Taylor has waived this claim. *State v. Avila,* 147 Ariz. 330, 338, 710 P.2d 440, 448 (1985). In *Avila,* the court of appeals stated that "[t]he failure to instruct on a necessary element of an offense is not fundamental error where there is no issue as to that element." 147 Ariz. at 338, 710 P.2d at 448. In the matter before us, the sexual conduct in which the various children engaged was orchestrated by Taylor as evidenced by the photographs Taylor took and the age of the children involved. Accordingly, there was no evidence to support any inference other than that Taylor caused the children to act as they did. We find no error.

### Cruel and Unusual Punishment

■ Taylor next argues that the sentences imposed upon him constitute cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution and Article 2, § 15, of the Arizona Constitution.

In *Solem v. Helm,* 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983), the Supreme Court set forth the method for analysis as to whether a sentence is unconstitutional under the Eighth Amendment. Under the *Solem* proportionality analysis, a reviewing court should look to (1) the gravity of the offense, (2) the harshness of the penalty, (3) sentences imposed on other defendants in the same jurisdiction, and (4) the sentences imposed for commission of the same crime in other jurisdictions. 463 U.S. at 292, 103 S.Ct. at 3011, 77 L.Ed.2d at 650.

Taylor was sentenced to 85 consecutive sentences of life imprisonment without possibility of parole for 35 years. The aggregate total of these sentences is nearly 3,000 years. The sentences imposed were arrived at as a result of the confluence of several factors. Taylor was convicted of 85 individual offenses. Taylor committed these offenses after having been convicted previously of crimes against children on three occasions. In addition, the prosecutor alleged that each of these offenses involved dangerous crimes against children.

Mandatory sentences have repeatedly withstood constitutional attack. *State v. Smith,* 156 Ariz. 518, 753 P.2d 1174 (App. 1987); *State v. Crego,* 154 Ariz. 278, 742 P.2d 289 (App.1987). In *State v. Dixon,* 153 Ariz. 151, 157, 735 P.2d 761, 767 (1987), this court upheld the imposition of seven consecutive life sentences. In *Hutto v. Davis,* 454 U.S. 370, 102 S.Ct. 703, 70 L.Ed. 2d 556 (1982), the Supreme Court upheld the imposition of a 40–year sentence for possession of less than nine ounces of marijuana.

Under the *Solem* analysis, child molestation is undeniably a serious offense. *Crego,* 154 Ariz. at 280, 742 P.2d at 291. In reporting out a bill involving federal child pornography legislation, the United States Senate Judiciary Committee had occasion to emphasize the deep psychological humiliation caused to youngsters subjected to molestation as well as the fact that many molestation victims later become molesters themselves. S.Rep. No. 95–438, 95th Cong., 1st Sess. 9 (1977).

Arizona's penalties for non-commercial production of pornography involving minors are within the range of sentences found in other states. Although on the national spectrum Arizona deals with crimes against children more severely than many other states, "[t]he Eighth Amendment is not violated every time a State reaches a conclusion different from a majority of its sisters over how best to administer its criminal laws." *Spaziano v. Florida,* 468 U.S. 447, 464, 104 S.Ct. 3154, 3164, 82 L.Ed.2d 340, 355 (1984).

The 85 counts for which Taylor was convicted involved prompting five identified children and other unidentified children into engaging in sexual conduct while Taylor photographed them. He also molested or attempted to molest at least four of these children. In addition, Taylor told at

least one individual that he was interested in meeting other women with young children so that he could have contact with them also.

Although enormous in terms of years, the sentence, in practice, is no more severe than the 91–year sentence upheld in *Smith.* The net effect of the sentence imposed is to cause Taylor to be incarcerated for the rest of his life. The record reflects that Taylor's misconduct with small children commenced when he was a juvenile and has continued through more than half of his 41–year life. In Taylor's letter to the trial judge following his conviction, he stated in part:

> What you are doing is locking me up for something I can't help but do. It's something I cannot resist doing.

The extremely serious nature of the crimes in which he engaged in the instant case, his previous convictions for similar conduct, the irreparable harm which he has caused to the normal development of numerous children, some of whom remain unknown, and his admission to the trial court that he is unable to control his proclivity for sexual conduct with children all underscore the importance of confining him for the rest of his life.

At sentencing, the trial judge indicated that he did not disagree with the sentence which he was required by law to impose:

> The legislature, the people of the State through the legislature have said that people that commit the offenses that you do receive this penalty. And they're the ones that are sentencing you, I'm reading it, and *I don't disagree in this case with the sentence.* You are a pedophile, you are a clear and present danger to the children in this community and every community you have lived in. And I am going to do what the legislature has told me to do, put you away for the rest of your life so it doesn't happen again, *I don't disagree with that under the circumstances* but I want you to know that I don't have any choice in this matter, *I don't disagree but the choice is not mine,* the legislature and the people have

said this is what people like you are going to get if you commit these offenses in Arizona. [Emphasis added.]

On the facts of this case, a sentence resulting in life imprisonment without possibility of parole does not constitute cruel and unusual punishment.

### Misdesignation of Two Counts

Finally, Taylor argues that resentencing is required regarding two counts involving attempted sexual conduct with a minor.[12] We agree that the record reflects that Taylor was sentenced as though these two counts were treated as class two rather than class three felonies. A.R.S. § 13–604.01(G) and (K)(1). When Taylor is resentenced in accordance with this opinion, these two counts must be redesignated as class three felonies.

### FUNDAMENTAL ERROR

We have reviewed the record for fundamental error as required by A.R.S. § 13–4035, *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and *State v. Leon,* 104 Ariz. 297, 451 P.2d 878 (1969). Except as noted, we find no error.

### DISPOSITION

For the reasons set forth above, we affirm in part, reverse in part, and remand in part for resentencing.

GORDON, C.J., and CAMERON, MOELLER and CORCORAN, JJ., concur.

FELDMAN, V.C.J., did not participate in this decision; pursuant to Ariz. const. art. 6, § 3, JOHN M. ROLL, Judge, Court of Appeals, Division Two was designated to sit in his stead.

---

12. *Id.,* counts 56 and 57.