BERCH, Vice Chief Justice,
concurring in part and dissenting in part.
¶ 62 A mitigated sentence of 200 years for possession of twenty images of child pornography, without the possibility of pardon or early release, is extraordinarily long. While courts must defer to the legislature in setting sentencing ranges, the Supreme Court has recognized a “narrow proportionality principle” inherent in the Eighth Amendment that prohibits sentences that are “grossly disproportionate” to the crime. Harmelin v. Michigan, 501 U.S. 957, 996-97, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991) (Kennedy, J., concurring).[8]
V 63 The question is how to determine whether the sentence at issue is grossly disproportionate. The Court has stated that reviewing courts must compare the “gravity of the offense” to the “harshness of the penalty.” Ewing v. California, 538 U.S. 11, 28, 123 S.Ct. 1179, 155 L.Ed.2d 108 (2003) (plurality opinion). If this inquiry gives rise to an “inference” of gross disproportionality, the court must then examine the punishment for similar offenses in other jurisdictions (the inter-jurisdictional analysis) and the punishment for other offenses in the forum jurisdiction (the intra-jurisdictional analysis). Solem v. Helm, 463 U.S. 277, 291, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983). The inquiry is not supposed to be subjective, yet courts are directed not to conduct an inter- and intra-jurisdictional analysis to assist in ascertaining whether a sentence is too long unless they first find an “inference of gross disproportionality,” see Harmelin, 501 U.S. at 1005, 111 S.Ct. 2680 (Kennedy, J., concurring), which the courts reviewing this case have not found. My point in this opinion is merely to demonstrate that were we able to conduct such an objective inquiry as a part of our determination of whether a sentence gives rise to an inference of gross disproportionality, the analysis would demonstrate that Arizona’s sentence for this crime is by far the longest in the nation and is more severe than sentences imposed in Arizona for arguably more serious and violent crimes. Such objective facts support finding an inference of gross disproportionality.
¶ 64 For example, in the federal system, the sentencing guidelines recommend a sentence of approximately five years (57-71 months) based on the number and type of images Berger possessed. U.S. Sentencing Guidelines Manual (“U.S.S.G.”) § 2G2.2 (Supp.2005) & § 5A (1996).[9] While the Arizona Legislature is free to set its own sentencing ranges, of course, the federal sentences are set by a professional Sentencing Commission, whose opinions the federal courts have deemed entitled to “great weight” because of the Commission’s expertise in matters of sentencing. United States v. Hill, 48 F.3d 228, 231 (7th Cir.1995); see *486 also Mistretta v. United States, 488 U.S. 361, 379, 109 S.Ct. 647, 102 L.Ed.2d 714 (1989) (stating that Sentencing Commission is an “expert body”). In setting sentence ranges, this congressionally established Commission examines abundant data and consults experts in each field. That this Commission recommends approximately five years as an appropriate sentence for possession of twenty images suggests that a minimum term of 200 years probably is not merely disproportionate, but grossly disproportionate to the crime.
¶ 65 Arizona’s mandatory minimum 200-year sentence also exceeds that imposable in any other state. See Harmelin, 501 U.S. at 1005, 111 S.Ct. 2680 (Kennedy, J., concurring) (requiring examination of sentences imposed in other jurisdictions for similar crimes to validate an inference of gross disproportionality). It is the unique combination of long mandatory minimum sentences, coupled with the requirements that each image be charged separately and that the terms be served consecutively and fully — that is, without possibility of early release — that renders Arizona’s sentences extraordinarily long. See A.R.S. §§ 13-3553, -604.01 (Supp.2005). Indeed, the minimum ten-year sentence in Arizona for possession of one image is greater than the maximum sentence for possession of child pornography in thirty-six states and equal to the maximum sentence in nine other states.[10] Additionally, most other states permit concurrent sentences or grouping of charges. E.g., State v. Christensen, 663 N.W.2d 691, 693 (S.D.2003) (imposing two one-year sentences, to be served concurrently). Only Florida appears to require each image to be a separate count, but each charge there carries a five-year term and is probation eligible.[11] Fla. Stat. Ann. §§ 827.071(5), 775.082(3)(d) (term), 948.01 (probation) (West, Westlaw through 2005 ‘B’ Sess.). In Arkansas, Berger would have been eligible for a sentence of three to ten years, and in Connecticut, possession of twenty images requires a sentence of one to ten years. Ark.Code Ann. §§ 5-27-304(b), 5-4-401(a) (West, Westlaw through 2005 Sess.); Conn. Gen.Stat. Ann. §§ 53a-196e, - 35a (West, Westlaw through 2006 Supp.).
¶ 66 While some states provide for enhanced penalties for “second or subsequent” offenses, that term is defined as later offenses not charged at the same time. See, e.g., Miles v. State, 51 So.2d 214, 215 (Miss. 1951); McGervey v. State, 114 Nev. 460, 958 P.2d 1203, 1207 (1998). By that definition, Berger is a first-time offender. In most states, Berger’s sentence would not exceed five years, and he would also have the possibility of probation or early release. See, e.g., Cal.Penal Code § 311.11(a) (West, Westlaw through 2006 Sess.) (up to twelve months); N.M. Stat. Ann. §§ 30-6A-3(A), 31-18-15(A)(9) (West, Westlaw through 2006 Sess.) (up to eighteen months). Thus, if the Supreme Court’s jurisprudence permitted the court to examine the sentences imposed in other jurisdictions for similar crimes — the inter-jurisdictional analysis mentioned in Solem, Harmelin, and Ewing — the analysis would support the inference that Berger’s 200-year sentence is grossly disproportionate.
¶ 67 Moreover, the sentence at issue is longer than that imposed in Arizona for many crimes involving serious violence and physical injury to the victim. Second degree murder, for example, like possession of child pornography, also carries a minimum sen *487 tence of ten years, see A.R.S. § 13-710(A) (2001), but a term imposed for a murder may be served concurrently with sentences imposed for other crimes. Similarly, the minimum sentence for possession of an image of child pornography is longer than the presumptive sentence for rape or aggravated assault. See A.R.S. §§ 13-1406(B) (2001) (seven years for rape), 13-1204(B), - 701(C)(2) (2001) (3.5 years for aggravated assault). A presumptive sentence for possession of two images of child pornography (thirty-four years) is harsher than the sentences for second degree murder or sexual assault of a child under twelve (twenty years). See A.R.S. § 13-604.01(B), (D) (Supp.2005). Even a mitigated sentence for possession of five images (fifty years) amounts as a practical matter to a life sentence without parole, more serious than the sentence imposed for virtually any crime in the state. For molesting a child, one might receive the same sentence that Berger has received for possessing one picture.[12] See A.R.S. § 13-604.01(D). Indeed, sexual exploitation of a minor, the offense with which Berger was charged, is the only “dangerous crime against children” that by definition does not involve contact with any children. Yet a defendant may easily accrue a very lengthy sentence. The Supreme Court has said that “[i]f more serious crimes are subject to the same penalty, or to less serious penalties, that is some indication that the punishment at issue may be excessive.” Solem, 463 U.S. at 291, 103 S.Ct. 3001. This factor as well indicates the extraordinary nature of the sentence in this case. See id. at 299, 103 S.Ct. 3001.[13]
¶ 68 The majority correctly observes, however, that Berger was convicted of not one, but twenty serious felonies. Op. ¶ 25. Moreover, my colleagues note, we must look at the sentences for the individual crimes, Op. ¶27, and defer to the legislature’s requirement of mandatory sentences. Op. ¶ 32. From this, my colleagues derive the proposition that the court may not consider the consecutive nature of Berger’s sentences in determining whether the total is grossly disproportionate to the seriousness of Berger’s crimes, Op. ¶ 27, nor may we consider the mandatory flat nature of the sentences.
¶ 69 I agree that the Supreme Court has implied as much when dealing with statutes different from those now before us. Lockyer v. Andrade, 538 U.S. 63, 74 n. 1, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003) (consecutive sentences); Harmelin, 501 U.S. at 1006-07, 111 S.Ct. 2680 (Kennedy, J., concurring) (mandatory sentences). But in determining whether a total sentence is grossly disproportionate to the crime for which it was meted out as punishment, we must deal with the sentence imposed as a whole and not shield ourselves from the full impact of the sentence by analyzing only one charge and sentence. Arizona’s sentencing scheme requires very long, mandatory sentences that must be served consecutively and fully, with no possibility of probation, pardon, or early release. These combined features affect the real-world sentences defendants must serve, and we should not allow these unique features and the resulting sentences to escape review by focusing only on the sentence for one charge. We suggested as much in State v. Davis, 206 Ariz. 377, 387-88, V 47, 79 P.3d 64, 74-75 (2003).
¶ 70 Arizona’s sentencing scheme is unique in coupling extraordinarily long terms with mandatory stacking requirements, and in requiring that each sentence be fully served, without possibility of early release. The compounding impact of this triple whammy should not escape scrutiny. While great deference is owed to the legislature’s choice to impose stringent sentences, the constitution *488 imposes on this court the obligation to determine whether the resulting sentence is cruel and unusual in light of the circumstances of an individual case.
¶ 71 The Supreme Court requires the court to measure the gravity of the crimes for which Berger was convicted — possession of twenty graphic images of child pornography — against the severity of the sentence imposed. Harmelin, 501 U.S. at 1005, 111 S.Ct. 2680 (Kennedy, J., concurring). In weighing the gravity of the offenses, the court may consider the defendant’s criminal history, see Ewing, 538 U.S. at 29, 123 S.Ct. 1179 (plurality opinion), as well as the “harm caused or threatened to the victim or society, and the culpability of the offender.” Solem, 463 U.S. at 292, 103 S.Ct. 3001.
¶ 72 Berger has no prior criminal record. He was convicted of possessing twenty grossly obscene images depicting young children engaged in lewd acts. He was not involved in making any of the photographs and the record contains no evidence that he purchased the items or intended to sell them. They appear to be images he downloaded from the Internet. Although purchase of such items undoubtedly drives the market for their production, it is unclear that mere possession does so.
¶ 73 While the legislature may choose to punish severely those who support the child pornography industry because of pornography’s extremely deleterious effect on those degraded and harmed in its making, due process notions of individualized and appropriate sentencing require consideration of the fact that Berger engaged in no force or violence, made no threats of force or violence, and did not physically injure anyone. See Burns v. United States, 287 U.S. 216, 220, 53 S.Ct. 154, 77 L.Ed. 266 (1932) (setting forth due process requirement of individualized sentencing). Indeed, there is no evidence that Berger has ever touched any child improperly. That absence of direct violence affects the assessment of society’s interest in punishing his acts so severely. See Rummel v. Estelle, 445 U.S. 263, 275, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980).
¶ 74 Although the Supreme Court has confirmed that a limited proportionality principle inheres in the Eighth Amendment to prevent sentences that are “grossly disproportionate” to the crime committed, Ewing, 538 U.S. at 23, 123 S.Ct. 1179 (plurality opinion), that Court has only twice struck a sentence as being so grossly disproportionate to the crime as to violate the Eighth Amendment. See Solem, 463 U.S. at 303, 103 S.Ct. 3001; Weems v. United States, 217 U.S. 349, 382, 30 S.Ct. 544, 54 L.Ed. 793 (1910). In Solem, the Court held that imposing a life sentence for passing an “insufficient funds” check violated the Eighth Amendment’s requirement that sentences not be grossly disproportionate to the crime committed. 463 U.S. at 303, 103 S.Ct. 3001. In the case before us, Berger was sentenced to 200 years — more than two and one-half lifetimes, from birth to death — for possessing twenty lewd and obscene photographs.
¶ 75 While one can rationalize that the defendant here was convicted of twenty felonies rather than one, other considerations mitigate the importance of that factor. Unlike other crimes, which tend to occur in relative isolation, those who possess pornography tend to possess more than one image. Because possession of each image constitutes a separate crime and the minimum sentence for each crime is ten years, the sentences quickly mount up. Moreover, in this case, Berger had no chance to rehabilitate between convictions because he was convicted on all twenty counts on one occasion.
¶ 76 I do not condone Berger’s crimes. Child pornography is a serious offense. See 1978 Ariz. Sess. Laws, ch. 200, § 2; see also State v. Taylor, 160 Ariz. 415, 422, 773 P.2d 974, 981 (1989). I concur in the majority’s analysis of the crime itself and of the legislature’s right to impose severe penalties for it. See Op. ¶¶ 18-23. I further agree that Berger’s crimes, unlike the crimes at issue in Davis, were precisely the type of criminal acts the legislature intended to punish. 206 Ariz. at 385, ¶ 37, 79 P.3d at 72. Berger was not “swept up” in an overly broad categorization, as was the defendant in Davis. Id.
¶ 77 Nonetheless, sentences must not only reflect the seriousness of the offense and deter the defendant and others from commit *489 ting future crimes, they should also promote respect for law. We are not asked to determine in this case whether a sentence of ten years would ever be appropriate for possession of a pornographic image. It might be. We are asked instead to determine whether in this case, 200 years is just punishment for a defendant who possessed child pornography, but directly harmed no one. An objective examination of the 200-year sentence reveals that it far exceeds the sentence imposed for similar crimes in any jurisdiction and exceeds the penalties regularly imposed in Arizona for crimes that result in serious bodily injury or even death to victims. The sentence provides no opportunity for rehabilitation and provides no second chance. Instead, it imposes on the taxpayers the burden of supporting the defendant for the rest of his life. Such a sentence seems incompatible with “evolving standards of decency that mark the progress of a maturing society.” Trop v. Dulles, 356 U.S. 86, 101, 78 S.Ct. 590, 2 L.Ed.2d 630 (1958).
1178 The foregoing analysis would support an inference of gross disproportionality, if the court had drawn such an inference. But it didn’t. Given that result, it is difficult to envision when the court would ever find a term of years to be disproportionate to the gravity of the crime and the harm to the public.[14]
¶ 79 In conclusion, I concur in the court’s statements of the rules emanating from the Harmelin line of Supreme Court eases and its interpretation of Davis. I also agree that exploitation of children is a serious crime and that the legislature has responsibility for defining crimes and setting the sentencing ranges for those crimes. I disagree only in that I would find that a minimum mandatory sentence of 200 years for possession of twenty pornographic images raises an inference of gross disproportionality that requires additional analysis before ultimately the court determines whether the sentence is unconstitutionally disproportionate.

. Although substantial deference is due to legislative judgments regarding sentencing, the notion that the legislature may set any non-capital sentence without regard to proportionality has garnered only two votes. See Harmelin, 501 U.S. at 994, 111 S.Ct. 2680 (Scalia, J., joined by Relinquish C.J.); Ewing v. California, 538 U.S. 11, 31, 123 S.Ct. 1179, 155 L.Ed.2d 108 (2003) (Scalia, J., concurring), 32 (Thomas, J., concurring).

. This sentence is based on an offense level of 25, which both Justice Hurwitz and I agree is the appropriate level under the 2002 sentencing guidelines for one possessing multiple pornographic computer images of children under 12. See supra ¶ 56 and n. 7. Two recent amendments have increased the offense level, resulting in a recommended sentence for twenty images of about nine years (97-121 months), or, if a defendant is charged with possessing more than 600 images, a range of eleven to fourteen years (135— 168 months). U.S.S.G. §§ 2G2.2 & 5A. Although the federal maximum statutory sentence is, as Justice Hurwitz correctly notes, fifteen years, Berger’s conduct would not warrant a maximum sentence. See 18 U.S.C. § 2252 (2000). Even if it did, fifteen years would be the total sentence for possession of all twenty images. While the ranges and maximum sentence have been increased to twenty years, Berger's crimes would fall under the 2002 version of the statute.

. These figures are based on possession of one image, and are based primarily on the copies of all fifty states' child pornography possession and sentencing statutes provided to the court by the parties in January and February, 2006. The states that allow maximum sentences greater than ten years for one image — Georgia, Mississippi, Tennessee, and Utah — all have minimum sentences of less than ten years. In those states, moreover, sentences may be served concurrently, they need not be served day-for-day, and probation is available. Ga.Code Ann. §§ 16-12-100(b)(8), 42-8-34(a) (West, Westlaw through 2005 Spec. Sess.); Miss.Code Ann. §§ 97-5-33(5), 97-5-35, 47-7-33(1) (West, Westlaw through 2005 5th Extraordinary Sess.); Tenn. Code Ann. §§ 39-17-1003, 40-35-111, 40-35-303(a) (West, Westlaw through 2005 Sess.); Utah Code Ann. §§ 76-5a-3(l), 76-3-203, 77-18-1 (West, Westlaw through 2005 2d Spec. Sess.).

. Tennessee allows each image to be charged separately if there are fewer than fifty. Tenn. Code Ann. § 39-17-1003(b). In Utah, each minor depicted gives rise to a separate charge. Utah Code Ann. § 76-5a-3(3).

. These facts might lead victims of violent crime to think that the legislature and justice system care less about their injuries and losses than it does about punishing those who possess pornographic images. See United States v. Angelos, 345 F.Supp.2d 1227, 1251 (D.Utah 2004) ("[Cjrime victims expect that the penalties the court imposes will fairly reflect the harms that they have suffered.”), aff'd by 433 F.3d 738 (10th Cir.2006).

. Terrorist co-conspirator Zacarías Moussaoui was recently sentenced to two life sentences in prison — the equivalent of the sentence Berger received — for Moussaoui’s involvement in the terrorist acts that led to the deaths of nearly 3000 people on September 11, 2001. United States v. Moussaoui, Crim. No. 01-455-A (E.D.Va. May 4, 2006).

. The governor generally has the power to grant pardons or commute sentences. A.R.S. §31-443 (2002). In this case, however, the statute setting forth the sentence purports to preclude that remedy. A.R.S. § 13-604.01(G) (providing that defendant is not subject to pardon or early release). Moreover, it would be a brave politician who ventured to reduce the sentence of a sex offender. For those reasons, among others, courts have a role, although a limited one, in determining the constitutionality of sentences of terms of years.