894 P.2d 708

**STATE of Arizona, Appellee,**

v.

**Carl Michael VALDEZ, Appellant.**

**No. 1 CA–CR 93–0094.**

Court of Appeals of Arizona,
Division 1, Department B.

Dec. 30, 1994.

---

Grant Woods, Atty. Gen. by Paul J. McMurdie, Chief Counsel, Crim. Appeals Section, Kent E. Cattani, Asst. Atty. Gen., Phoenix, for appellee.

Dean W. Trebesch, Maricopa County Public Defender by Edward F. McGee, Deputy Public Defender, Phoenix, for appellant.

## OPINION

McGREGOR, Presiding Judge.

Carl Michael Valdez appeals from the judgments of conviction and sentences entered on jury verdicts finding him guilty of one count of commercial sexual exploitation of a minor and eight counts of sexual exploitation of a minor. The primary issue on appeal is whether Ariz.Rev.Stat.Ann. ("A.R.S.") section 13–3553.A.2, which forbids possessing any visual or print medium in which minors are engaged in sexual conduct, permits multiple convictions for possessing one roll of undeveloped film that is capable of being used to produce more than one photographic image. Given our decision on this issue, we conclude that the evidence presented at trial was insufficient to support four of appellant's convictions for sexual exploitation of a minor. Accordingly, we vacate those convictions and their respective sentences. We find no merit to the other issues raised

on appeal and affirm appellant's five remaining convictions and sentences.

## I.

■ On May 11, 1990, appellant, posing as "Mr. Green," left three rolls of 35mm film and one reel of 8mm film at a Phoenix Walgreen's store for developing.[1] After developing the film, Walgreen's notified the police that the film involved possible child pornography. The police seized the film, prints, and negatives from the laboratory and instructed the store manager to attempt to identify appellant when he returned.

When appellant returned to Walgreen's to pick up the developed film, the manager telephoned the police while a clerk tried to obtain appellant's identification. Appellant became nervous and left without picking up the films or giving the clerk any information. The manager, however, recorded the license number of appellant's vehicle. The police traced the license number and obtained a search warrant for appellant's home and storage shed. The search revealed eight additional rolls of undeveloped film and two framed negatives depicting a nude child. .

The grand jury indicted appellant on one count of commercial sexual exploitation of a minor (count I), A.R.S. section 13–3552, and ten counts of sexual exploitation of a minor (counts II through XI), A.R.S. section 13–3553.A.2, all class 2 felonies and dangerous crimes against children. Count I alleged that appellant induced a minor to engage in sexual conduct for purposes of producing the photographs and film that were the subject of counts II through VII. Each of the five counts numbered II through VI relied upon five pictures developed from the 35mm film that appellant dropped off at Walgreen's. Count VII pertained to the reel of 8mm film that appellant left at Walgreen's for developing. Counts VIII and IX involved allegations concerning two photographs of other children developed from the film found in the search of appellant's residence. Finally, counts X and XI were based on two framed negatives found inside a briefcase discovered

in appellant's storage shed. The state subsequently amended the indictment to allege that appellant had two prior felony convictions.

A jury found appellant guilty of counts I through VII and counts X and XI but acquitted him of counts VIII and IX. Appellant waived his right to a jury trial on the allegation of the two prior convictions. The trial court subsequently found that appellant had one prior conviction. The trial court sentenced appellant to nine consecutive twenty-three-year prison terms, the minimum sentence permitted pursuant to A.R.S. section 13–604.01.

The trial court granted appellant leave to file a delayed appeal. We have jurisdiction pursuant to A.R.S. sections 12–120.21.A.1, 13–4031, and 13–4033.A.

## II.

### A.

All ten sexual exploitation of a minor counts alleged that appellant violated A.R.S. section 13–3553.A.2, which provides:

A. A person commits sexual exploitation of a minor by knowingly:

. . .

2. Distributing, transporting, exhibiting, receiving, selling, purchasing, possessing or exchanging any visual or print medium in which minors are engaged in sexual conduct.

The statutory reference to "visual or print medium," in turn, means:

(a) Any film, photograph, videotape, negative, slide or

(b) Any book, magazine or other form of publication or photographic reproduction containing or incorporating in any manner any film, photograph, videotape, negative or slide.

A.R.S. § 13–3551(4).

Although appellant concedes that he possessed the three rolls of undeveloped 35mm film, he notes that he never took possession

---

1. We view the evidence at trial in the light most favorable to sustaining the verdicts below, resolving all reasonable inferences against appellant.

*State v. Atwood*, 171 Ariz. 576, 596, 832 P.2d 593, 613 (1992), *cert. denied*, —— U.S. ——, 113 S.Ct. 1058, 122 L.Ed.2d 364 (1993).

of any of the developed photographs because police seized the film directly from Walgreen's. He further observes, and the state does not dispute, that no evidence shows that the five photographs that are the subject of counts II through VI came from more than one of the rolls of the 35mm film. Resolution of this appeal therefore turns on whether appellant's possession of one roll of undeveloped 35mm film could give rise to more than one violation of A.R.S. section 13–3553.A.2.

### B.

The state advances several arguments to support its contention that section 13–3553.-A.2 permits multiple counts based upon a defendant's possession of one roll of undeveloped film. We conclude that none of the arguments find support in the statute's purpose or language.

Our supreme court has stated:

The primary rule of statutory interpretation is to determine and give effect to the legislative intent behind the statute. *Martin v. Martin,* 156 Ariz. 452, 457, 752 P.2d 1038, 1043 (1988); *Calvert v. Farmers Ins. Co.,* 144 Ariz. 291, 294, 697 P.2d 684, 687 (1985). To determine legislative intent, we consider the statute's context, the language used, the subject matter, the historical background, the statute's effects and consequences, and the statute's spirit and purpose. *Martin,* 156 Ariz. at 457, 752 P.2d at 1043; *Calvert,* 144 Ariz. at 294, 697 P.2d at 687; *Arizona Newspapers Ass'n v. Superior Court,* 143 Ariz. 560, 562, 694 P.2d 1174, 1176 (1985). Additionally, we consider the policy behind the statute and

the evil it was designed to remedy. *Calvert,* 144 Ariz. at 294, 697 P.2d at 687. We give words their usual and commonly understood meaning unless the legislature clearly intended a different meaning. *Kilpatrick v. Superior Court,* 105 Ariz. 413, 421, 466 P.2d 18, 26 (1970).

*State v. Korzep,* 165 Ariz. 490, 493, 799 P.2d 831, 834 (1990).

 The state first argues that because A.R.S. section 13–3551(4) includes "negative" in the definition of "visual or print medium," a defendant may be separately convicted for each negative on an undeveloped roll of film. The central flaw in the state's argument is that the undeveloped film appellant left at Walgreen's did not constitute negatives any more than the undeveloped film constituted photographs.[2] The word "negative" as commonly used with respect to photography refers to "a developed negative image [in which the tones or colors of the subject are reversed], usually on a transparent base from which positive prints may be made." *The New Lexicon Webster's Dictionary* 669 (1989). As expert testimony established at trial, undeveloped film has no visible image of any kind; no image, positive or negative, appears until the film is developed. In addition, section 13–3551(4) lists both film and negative as examples of "visual or print medium," further indicating that an undeveloped film is not the statutory equivalent of a negative.[3]

 The fact that an undeveloped film may, when developed, reveal more than one image does not change our analysis, because we interpret the phrase "visual or print me-

---

2. The state also argues, citing *State v. Taylor,* 160 Ariz. 415, 773 P.2d 974 (1989), that appellant may properly be convicted for each of the individual pictures developed from the film, because each of the pictures resulted from separate and distinct acts. The question in the present case is distinguishable from that considered in *Taylor.* The issue in *Taylor* was whether fifty individual Polaroid photographs, taken and possessed by the defendant, could support multiple convictions; the present case involves the issue whether evidence limited to establishing possession of one roll of undeveloped film can support multiple convictions. Consequently, *Taylor* is not dispositive of appellant's claim.

3. The fact that the roll of film was undeveloped does not preclude appellant's prosecution for possession of a "visual or print medium" in violation of A.R.S. section 13–3553.A.2. *See United States v. Smith,* 795 F.2d 841, 847 (9th Cir.1986), *cert. denied,* 481 U.S. 1032, 107 S.Ct. 1964, 95 L.Ed.2d 535 (1987) (undeveloped film constitutes a "visual depiction" as that term is used in 18 U.S.C. § 2252(a), the federal sexual exploitation statute). Appellant does not contest that his possession of the film was sufficient to establish one conviction. His argument is limited to whether his possession of one roll of film can give rise to multiple convictions because of the film's capability of being used to produce more than one photographic image.

dium" as referring to the physical object that depicts the prohibited image rather than the image itself. The language chosen by the legislature to define the offense supports that conclusion. In defining the offense, A.R.S. section 13–3553.A.2 uses the term "medium" rather than "image" or "depiction."[4] We afford words in statutes their usual and common meaning, absent some clear indication to the contrary. *Korzep*, 165 Ariz. at 493, 799 P.2d at 834. "Medium" in this context refers to the "material" of expression, not to the actual expression itself. *See The New Lexicon Webster's Dictionary* 621 (1989). Applying the common meaning, we conclude that the phrase "visual or print medium" refers to the physical item or object that depicts the prohibited image, not the image itself.

Moreover, section 13–3553.A.2 refers to possessing any medium in which "minors" are engaged in sexual conduct. The reference to "minors" in the plural but to "visual or print medium" in the singular indicates that a person who possesses a single "visual or print medium" containing multiple images should be subject to only one prosecution. *Cf. State v. Shepler*, 141 Ariz. 43, 44, 684 P.2d 924, 925 (App.1984) (holding that use of the term "minors" in statute does not preclude prosecution for picture depicting only one minor); A.R.S. § 1–214.B ("Words in the singular number include the plural, and words in the plural number include the singular.").

Finally, each word, phrase, and clause in a statute is to be given meaning so that no part is inert, trivial, or redundant. *Walker v. City of Scottsdale*, 163 Ariz. 206, 210, 786 P.2d 1057, 1061 (App.1989). Section 13–3551(4) defines "visual or print medium" in terms of physical items, including "[a]ny book, magazine or other form of publication." Such language would be mere surplusage if the legislature had intended that the term "medium" refer to the image rather than to the physical object that depicted the image. We conclude that, under the clear language of section 13–3553.A.2, appellant's possession of one roll of undeveloped film constituted possession of one "visual or print medium."

## C.

Having decided that appellant possessed one "medium," we next consider whether the state presented evidence sufficient to convict appellant of the multiple violations set out in counts II through VI. A conviction must be based on "substantial evidence." Ariz.R.Crim.P. 20(a); *State v. Mathers*, 165 Ariz. 64, 67, 796 P.2d 866, 869 (1990). "Substantial evidence is more than a mere scintilla and is such proof that 'reasonable persons could accept as adequate and sufficient to support a conclusion of defendant's guilt beyond a reasonable doubt.'" *Mathers*, 165 Ariz. at 67, 796 P.2d at 869 (quoting *State v. Jones*, 125 Ariz. 417, 419, 610 P.2d 51, 53 (1980)). In this case, the prosecution presented no substantial evidence that would permit the jury to conclude that the five negatives that are the subject of counts II through VI were derived from more than one roll of film. Indeed, the state concedes as much in its brief on appeal. Thus, the evidence presented at trial failed to establish that appellant ever possessed more than one "visual or print medium" with respect to counts II through VI. Accordingly, four of the five convictions entered on those counts must be vacated for failure of proof.

## III.

Appellant also contends that the trial court erred in ordering him to serve his sentence on count XI consecutive to his sentence on count X. The charges in these two counts were based on the two framed negatives, depicting nude girls in suggestive poses, that were found in appellant's briefcase during execution of the search warrant.

Appellant claims that the two negatives are actually duplicate images with one being nothing more than a cropped and enlarged version of the other. According to appellant, possession of duplicate images constitutes but one act, for which A.R.S. section 13–116 and the double jeopardy clauses of the United States and Arizona Constitutions require

4. In comparison, in 1984 Congress amended 18 U.S.C. §§ 2251 and 2252 to delete all references to "visual or print medium" and substitute the phrase "visual depiction." Pub.L. 98–292 §§ 3, 4, 98 Stat. 204 (1984).

concurrent rather than consecutive sentences. In response, the state contends that consecutive sentences are appropriate because the negatives are not exact duplicates and, therefore, are not the same picture.

Given our discussion above concerning the proper construction of A.R.S. section 13–3553.A.2, we need not decide whether these negatives originated from the same exposure. Appellant was charged with and proven to have possessed two separate "visual or print medi[a]" that depict "minors engaged in sexual conduct." Appellant does not contend that the negatives do not meet this definition. Appellant therefore possessed two separate items, or visual media, prohibited under section 13–3553.A.2. Nothing in the statute limits prosecution to one count for possession of multiple items merely because the items depict the same image. Indeed, section 13–3553.A.1 evidences the legislature's concern about the existence of multiple copies of such material: the statute expressly prohibits the act of duplication.

Nor does A.R.S. section 13–116 or the constitutional guarantees against double jeopardy preclude consecutive sentences under these circumstances. The fact that the images contained on the negatives may be identical is irrelevant as to the nature of the acts of possession. Thus, the possession of the two separate negatives constitutes two separate offenses.

■ Neither a statutory nor constitutional right exists to receive concurrent sentences for two separate offenses. *State v. Henley*, 141 Ariz. 465, 468, 687 P.2d 1220, 1223 (1984). Here, the offenses were dangerous crimes against children involving minors under the age of fifteen. A.R.S. section 13–604.01 required the trial court to impose consecutive sentences on the two counts. Thus, the trial court committed no error in sentencing appellant to consecutive sentences for his convictions on counts X and XI.

## IV.

■ Appellant's final argument is that the trial court erred by instructing the jurors about factors they could consider in deciding whether a visual medium constituted a "lewd exhibition of the genitals or pubic area."[5] Appellant contends that, by giving this instruction, the trial court improperly commented on the evidence. However, appellant made no objection to this instruction at trial. The failure to raise an issue at trial, including a claim of error in jury instructions, waives the right to raise the issue on appeal absent fundamental error. Ariz.R.Crim.P. 21.3(c); *State v. Gendron*, 168 Ariz. 153, 154, 812 P.2d 626, 627 (1991).

■ We previously have observed that a proper "factors" instruction is difficult to draft for use in Arizona's state courts because Article 6, Section 27 of the Arizona Constitution prohibits judges from commenting on the evidence. *State v. Gates*, 182 Ariz. 459, 463–464, 897 P.2d 1345, 1349–1350 (App. 1994). The court must tailor the instruction to assure that the factors enumerated are relevant to the particular case. *Id.* In this case, appellant points to no factor included in the instruction that lacks relevance to the charges brought against him. Our own review of the record indicates that the factors described may have assisted the jury in determining whether the media considered in

5. The instruction stated:

"Lewd" connotes sexual suggestiveness. In deciding whether a visual medium of a minor constitutes a lewd exhibition of the genitals or pubic area, you may look to the following factors, and any other factors you determine are relevant:
1. Whether the focal point of the visual medium is on the child's genitalia or pubic area;
2. whether the setting of the visual medium is sexually suggestive; for example, in a place or pose generally associated with sexual activity;
3. whether the child is depicted in an unnatural pose, or in inappropriate attire, considering the age of the child;
4. whether the child is fully or partially clothed or nude;
5. whether the visual medium suggests sexual coyness or a willingness to engage in sexual activity;
6. whether the visual medium is intended or designed to elicit a sexual response in the viewer;
7. the age of the minor.
A visual medium need not involve all of these factors. Your determination is to be made based on the overall content of the visual medium. A visual medium may not be found to be lewd merely because you may not like it or because you may find it to be in bad taste.

this case could be regarded as a "lewd exhibition of the genitals or pubic area." We find no fundamental error.

## V.

Because the evidence at trial was insufficient to establish more than one offense with respect to the allegations of counts II through VI, we vacate the convictions and sentences imposed on counts III through VI. We find no merit to the other claims of error appellant raised on appeal. We have searched the record further for fundamental error pursuant to A.R.S. section 13–4035 and have found none. Accordingly, we affirm appellant's remaining convictions and sentences.

CLABORNE and KLEINSCHMIDT, JJ., concur.