700 So.2d 1239 (1997)
Joseph Francis SCHNEIDER, Appellant,
v.
STATE of Florida, Appellee.
No. 96-1469.
District Court of Appeal of Florida, Fourth District.
October 1, 1997.
Rehearing and Certification Denied November 19, 1997.
Richard L. Jorandby, Public Defender, and Ian Seldin, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Joseph A. Tringali, Assistant Attorney General, West Palm Beach, for appellee.
STONE, Chief Judge.
We affirm Appellant's conviction and sentence on multiple counts, including nine counts of possessing material that includes sexual performance by a child. We find no error in the trial court's construction of section 827.071(5), Florida Statutes (1995), as covering exposed but undeveloped film in Appellant's camera. That section provides:
It is unlawful for any person to knowingly possess a photograph, motion picture, exhibition, show, representation, or other presentation which, in whole or in part, he knows to include any sexual conduct by a child. The possession of each such photograph... is a separate offense.
§ 827.071(5)(emphasis added).
The evidence reflects that Appellant induced two boys, ages 12 and 13, to pose for a photographic session in the nude and engage in sexual acts with each other. Police later searched Appellant's apartment and confiscated a camera with undeveloped film in it. The subsequently developed film in Appellant's camera depicted nine pictures of the boys in sexual positions.
The statute is not ambiguous. We construe it, applying plain and ordinary meaning to its wording. Plante v. Department of Bus. & Prof'l Regulation, 685 So.2d 886, 888 (Fla. 4th DCA 1996). The statutory language is both clear and applicable. The dictionary *1240 definition lends further credence to our construction. Webster's defines the term photograph as "a picture or likeness obtained by photography" with the root word photography defined as "the art or process of producing images on a sensitized surface (as a film) by the action of radiant energy and esp. light." Merriam Webster's Collegiate Dictionary 857 (10th ed.1993)(emphasis added). Hence, by definition, a photograph is the exposure of the film at the time the picture is snapped. A hard copy of the photograph is a print and the developed film would be a negative. Although the American Heritage Dictionary, cited by Appellant, does define a photograph as "an image, especially a positive print, recorded by a camera and reproduced on a photosensitive surface," even this definition recognizes that the term photograph encompasses more than a positive print.
This court has recently recognized that possessing a computer image of child pornography is punishable under this statute. State v. Cohen, 696 So.2d 435 (Fla. 4th DCA 1997). Much of the reasoning in that opinion is applicable here. See also U.S. v. Smith, 795 F.2d 841, 847 (9th Cir.1986) (undeveloped film constitutes a "visual depiction" as that term is used in 18 U.S.C. § 2252(a), the Federal Sexual Exploitation Statute). Compare State v. Valdez, 182 Ariz. 165, 894 P.2d 708 (1994) (undeveloped film constituted "visual or print medium" in violation of Arizona's statute prohibiting sexual exploitation of a minor; however, role of film constituted only a single medium for which defendant could be prosecuted just once).
Therefore, the judgment and sentence are affirmed.
GUNTHER and FARMER, JJ., concur.