**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Steven M. ST. JAMES, Defendant–Appellant.**

No. 99CA2069.

Colorado Court of Appeals, Div. IV.

Dec. 5, 2002.

Rehearing Denied Jan. 23, 2003.

Certiorari Denied Aug. 25, 2003.

Ken Salazar, Attorney General, Monica M. Marquez, Assistant Attorney General, Denver, for Plaintiff–Appellee.

H. Craig Skinner, Denver, for Defendant–Appellant.

Opinion by Judge DAILEY.

Defendant, Steven M. St. James, appeals the judgment of conviction entered upon jury verdicts finding him guilty of sexual exploitation of a child and sexual assault on a child by one in a position of trust. We affirm.

The convictions here arose out of the relationship between defendant and his seven-

teen-year-old adoptive niece. According to the niece, on one occasion he had sexual contact with her; on another occasion, he photographed her bare breasts after telling her that he "knew people from Playboy" magazine. The undeveloped film was found in storage among defendant's boxes and developed by the mother of defendant's sons.

## I. Undeveloped Film as the Basis for A Charge of Sexual Exploitation of a Child

Defendant contends that he cannot be convicted of sexual exploitation of a child because he neither made nor possessed "sexually exploitative material." We are not persuaded.

"Sexually exploitative material" is defined in § 18–6–403(2)(j), C.R.S.2002, as "[a]ny photograph, motion picture, videotape, print, negative, slide, or other mechanically, electronically, chemically, or digitally, reproduced visual material that depicts a child engaged in, participating in, observing, or being used for explicit sexual conduct."

▮ Defendant argues that he only made or possessed undeveloped film, which does not qualify as "sexually exploitative material" because it is not a negative, photograph, or visual depiction of anything; it must undergo a chemical process before it becomes any of those things.

However, defendant overlooks the fact that he was charged under § 18–6–403(3)(a), C.R.S.2002, the plain language of which proscribes "[c]aus[ing], induc[ing], entic[ing], or permit[ting] a child to engage in, or be used *for ... the making of* any ·sexually exploitative material" (emphasis added). This part of the statute proscribes using children *to obtain* sexually explicit materials. Accordingly, a violation occurs at the time a person causes a child to be photographed for the purpose of making sexually exploitative material; it is inconsequential whether the film is ever developed. *See United States v. Smith,* 795 F.2d 841, 846 (9th Cir.1986)(noting that a similarly worded federal statute "does not require the actual production of a visual depiction, merely the enticement of minors for 'the purpose of producing' a visual

depiction of sexually explicit conduct"); *cf. Schneider v. State,* 700 So.2d 1239, 1239 (Fla.Dist.Ct.App.1997)(recognizing that photographs are obtained through the process of photography).

This result is consistent with the purposes underlying the statute: "the focus is not merely on the harm the [sexually exploitative] material may produce, but also on the harm to a child who is induced to engage in the process of producing such materials." *People v. Gagnon,* 997 P.2d 1278, 1282 (Colo. App.1999); *see United States v. Smith, supra,* 795 F.2d at 847 (the "undeveloped state of the film does not eliminate the harm to the child victims in the film's production"); *State v. Peltier,* 249 Kan. 415, 819 P.2d 628, 638 (1991)(interpreting the term "film" to encompass undeveloped film, in part because "it is the recording of the images initially by using a child to portray sexually explicit conduct that the [Kansas] legislature sought to outlaw").

Consequently, we conclude that a prosecution under § 18–6–403(3)(a) may be predicated upon an individual's photographing a child engaged in sexually explicit conduct, even if the individual has not developed the film. The critical question for the jury to resolve is whether, when the individual photographed the child, he or she did so for the purpose of producing a visual depiction of explicit sexual conduct. Inasmuch as this question was submitted for the jury's consideration, and the jury answered it in a manner adverse to defendant, we see no basis for disturbing defendant's conviction.

Defendant's reliance on *State v. Valdez,* 182 Ariz. 165, 894 P.2d 708 (Ariz.Ct.App. 1994), is misplaced. The court in *Valdez* did not bar a conviction for sexual exploitation of a child based on the possession of undeveloped film; it barred only multiple convictions for sexual exploitation of a child based on the contents of one roll of undeveloped film.

## II. Defendant's Prior Misconduct

Defendant contends that, in two instances, the trial court erred in admitting evidence of his other bad acts. In one instance, the trial court permitted the prosecution to elicit evidence that defendant possessed large

amounts of money and the niece dealt drugs on his behalf. In the other instance, the trial court permitted the prosecution to introduce evidence of tracking records kept by defendant's community corrections facility. We conclude that reversal is not required.

■ The evidence of defendant's possession of money and the niece's drug dealing was admissible as res gestae evidence to provide the jury with a full understanding of the events surrounding the crimes and the context in which the crimes occurred. *See generally People v. Quintana*, 882 P.2d 1366, 1373 (Colo.1994). The evidence was relevant and admissible to show aspects of the relationship demonstrating defendant's influence over his niece, her desire to please him, and, ultimately, the power defendant had in this relationship.

■ The tracking records evidence was admitted to corroborate the niece's testimony that defendant was with her at certain times and places. Although defendant offered to stipulate to these facts, the trial court nonetheless permitted the prosecution to elicit the tracking records evidence, ordering it, however, not to elicit evidence raising "the inference that [defendant was] actually in custody."

The prosecution elicited testimony that the records were kept by a "residential placement" program in which residents "earn certain privileges and . . . gain certain freedoms to go out into the community." Defendant did not contemporaneously object to this testimony. Subsequently, however, he requested a mistrial, arguing that the evidence violated the court's order to avoid an inference of custody. The trial court summarily denied defendant's motion, and defendant did not thereafter seek a curative instruction.

On appeal, defendant asserts that the trial court should have required the prosecution to accept his stipulation or granted his motion for mistrial. We are not persuaded.

■ The prosecution is generally not required to accept a defendant's stipulation to certain facts. However, if the defendant offers to stipulate to a fact and the People's case is not thereby weakened, the prosecution may be required to accept the stipulation if the probative value of the offered evidence is substantially outweighed by the danger of unfair prejudice. *See People v. McGregor*, 757 P.2d 1082, 1083–84 (Colo.App.1987), *overruled in part on other grounds by Robles v. People*, 811 P.2d 804, 806–07 (Colo.1991).

Here, we perceive no abuse of the trial court's discretion in admitting the tracking records, even though defendant's proffered stipulation carried equal probative force. The court acted to remove any unfair prejudice by requiring the prosecution to avoid any inference that defendant was in custody.

Similarly, we reject defendant's assertion that a mistrial was required when the prosecutor elicited evidence concerning defendant's involvement in a residential placement program.

■ A mistrial is a drastic remedy that is warranted only where the prejudice to the defendant is too substantial to be remedied by other means. *People v. Copenhaver*, 21 P.3d 413, 417 (Colo.App.2000). A trial court has broad discretion to grant or deny a mistrial, and its decision will not be disturbed on appeal absent a gross abuse of discretion and prejudice to the defendant. *People v. Abbott*, 690 P.2d 1263, 1269 (Colo.1984).

Here, because residential placement programs exist for any number of legitimate treatment purposes, the challenged evidence would not have required, or even naturally led, the jury to infer that defendant was in custody or guilty of committing prior bad acts. *See People v. Thiery*, 780 P.2d 8, 10 (Colo.App.1989)(affirming denial of mistrial where the "two testimonial incidents which defendant argues impute[d] prior criminal activity [were] neutral in effect, raising many reasonable inferences other than criminal activity or propensity on defendant's part"); *cf. People v. Cooper*, 950 P.2d 620, 624 (Colo. App.1997)(no error, under CRE 404(b), in allowing questions about defendant's familiarity with "the system," in light of various conceivable ways in which jury could have understood evidence), *rev'd on other grounds*, 973 P.2d 1234 (Colo.1999).

Further, any misconduct inferable from "residential placement" would hardly distract

a jury and cause overmastering hostility towards a defendant. *Cf.* CRE 403; *Masters v. People,* 58 P.3d 979, 1001 (Colo.2002)("unfairly prejudicial" evidence has "an undue tendency to suggest a decision on an improper basis, commonly but not necessarily an emotional one, such as sympathy, hatred, contempt, retribution, or horror")(quoting *People v. District Court,* 785 P.2d 141, 147 (Colo.1990)).

Under the circumstances, we conclude the trial court did not err in denying defendant's motion for mistrial. *See People v. Ned,* 923 P.2d 271, 275 (Colo.App.1996)("Speculation of prejudice is insufficient to warrant reversal of a trial court's denial of a motion for mistrial.").

### III. Prosecutorial Misconduct

■ Finally, defendant contends that, during jury selection and opening statements, the prosecution improperly placed undue emphasis on the age ("less than eighteen years") element of the crime of sexual assault on a child by one in a position of trust. Because the prosecution did not misstate the age element for the crime for which defendant was to be tried, *see* § 18–3–405.3(1), C.R.S.2002, the prosecution referred to the other elements of the crime as well, and the jury was, in any event, instructed not to return a guilty verdict unless it was convinced beyond a reasonable doubt of defendant's guilt on each and every element of the charged crime, we perceive neither impropriety nor prejudice here. Consequently, reversal is not warranted on this ground.

Accordingly, the judgment is affirmed.

Judge DAVIDSON and Judge VOGT concur.