**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

STEVEN MARK ST. JAMES,

      Petitioner-Appellant,

v.

ARISTEDES W. ZAVARAS; JOHN W.
SUTHERS, Attorney General of the State
of Colorado,

      Respondents-Appellees.

No. 11-1091
(D.C. No. 1:09-CV-01174-PAB)
(D. Colo.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **LUCERO**, **EBEL** and **GORSUCH**, Circuit Judges.

Steven Mark St. James, a state prisoner appearing pro se, seeks a certificate of

appealability ("COA") to challenge the district court's denial of his application for a writ

of habeas corpus, brought pursuant to 28 U.S.C. § 2254. Exercising jurisdiction under 28

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument.

U.S.C. § 1291 and 2253(a), for the same reasons set forth by the district court we deny a COA and dismiss the appeal.

## BACKGROUND

After a jury trial, St. James was convicted in Colorado of sexual exploitation of a child and sexual assault on a child by a person in a position of trust. The trial court imposed a sentence of twenty-four years' imprisonment for the sexual exploitation of a child conviction and twelve years' imprisonment for the sexual assault conviction, to be served consecutively. The Colorado Court of Appeals affirmed St. James's convictions on direct appeal. People v. St. James, 75 P.3d 1122 (Colo. App. 2002). Then, the Colorado Supreme Court denied St. James's request for certiorari. St. James v. People, No. 03SC127, 2003 WL 21999450, at *1 (Colo. 2003).

In his federal habeas application, St. James argues that he was prejudiced at trial when the court allowed the prosecution to introduce evidence that suggested his prior misconduct.[1] The district court carefully considered and rejected that argument, denying the § 2254 motion and denying a COA. On appeal, St. James reasserts that argument.

## DISCUSSION

Under 28 U.S.C. § 2253(c)(1), this Court lacks jurisdiction to consider the merits of St. James's appeal unless he first obtains a COA. To obtain a COA, St. James must

---

[1] In his original habeas application, St. James asserted four claims, but eventually he agreed to dismiss three of those claims. St. James also subsequently added two additional claims, but the district court dismissed those claims as procedurally barred. St. James only raises one claim on appeal, and so we will limit our review to that claim.

make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner can accomplish this task by establishing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 483–84 (2000) (internal quotation marks omitted).

We conclude that St. James failed to meet the Slack standard. We agree with the district court that St. James failed to show that the admission of evidence that suggested his prior misconduct violated a constitutional right. Therefore, we remain unconvinced that reasonable jurists could debate that St. James's § 2254 motion should have been resolved differently.

## CONCLUSION

For the foregoing reasons, we DENY a COA and DISMISS the appeal.


ENTERED FOR THE COURT


David M. Ebel
Circuit Judge


3