IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

| | | |
|---|---|---|
| THE STATE OF ARIZONA, | ) | |
| | ) | 2 CA-CR 2011-0126 |
| Appellee, | ) | DEPARTMENT A |
| | ) | |
| v. | ) | O P I N I O N |
| | ) | |
| STEVEN FRANK McPHERSON, | ) | |
| | ) | |
| Appellant. | ) | |
| | ) | |

APPEAL FROM THE SUPERIOR COURT OF PIMA COUNTY

Cause No. CR20100584001

Honorable Howard Fell, Judge Pro Tempore

AFFIRMED

---

Thomas C. Horne, Arizona Attorney General
  By Kent E. Cattani and Kathryn A. Damstra                                    Tucson
                                                                    Attorneys for Appellee


Robert J. Hirsh, Pima County Public Defender
  By David J. Euchner                                                          Tucson
                                                                    Attorneys for Appellant

---

E C K E R S T R O M, Presiding Judge.

¶1 Following a jury trial, appellant Steven McPherson was convicted of seven counts of sexual exploitation of a minor under fifteen years old based on his possession of child pornography. Pursuant to A.R.S. §§ 13-705(D), (M), and 13-3553(C), the trial court sentenced him to mitigated, consecutive ten-year prison terms for each count. On appeal, McPherson argues these statutes are unconstitutional because, as applied to him, the statutes violated his constitutional rights to equal protection and freedom from cruel and unusual punishment. He also argues the consecutive sentences imposed here were illegal because all seven charged images were "acquired" on a single digital video disk (DVD). We affirm his convictions and sentences for the reasons that follow, and we discuss the facts below as they relate to each issue raised on appeal.

## Consecutive Sentences

¶2 McPherson first maintains his sentences are illegal because he "acquired all seven . . . images [supporting the separate charges] on a single DVD." Given that "the data on a DVD, once burned, may not be . . . modified[,] and the possessor may not possess one file on the DVD without possessing all files," McPherson reasons that "all seven counts were the 'same conduct' that required concurrent sentencing." Specifically, he argues the consecutive sentences he received violate our double punishment statute, A.R.S. § 13-116, as well as the prohibitions against double jeopardy found in the Fifth Amendment to the United States Constitution[1] and article II, § 10 of the Arizona Constitution.[2]

---

[1]The Fifth Amendment to the United States Constitution provides, in part: "[N]or shall any person be subject for the same offence to be twice put in jeopardy of life or

¶3        On appeal, the parties appear to disagree about the nature of McPherson's charges and the evidence and facts supporting them. McPherson asserts in his opening brief both that he had "purchased a DVD on a single occasion that contained seven contraband images" and that he had "received the DVD from someone else." In its answering brief, the state correctly points out that McPherson admitted he had purchased the apparently blank DVD himself; no one else had owned it before him. He further explained that he had put the illicit images on it by taking photographs of a computer screen with a digital camera and then transferring those images to the DVD. In his reply brief, McPherson maintains that consecutive sentences are prohibited regardless of how the DVD was created because he was charged only with possessing the images on the DVD, not any other offense. We assume for the sake of argument, and to avoid any problems regarding duplicity,[3] that each count of sexual exploitation of a minor with which McPherson was charged under A.R.S. § 13-3553(A)(2) was based solely on his possession of a separate image on the DVD, not his prior possession of those images in another medium, his reproduction of the images, or his transfer of the images to the DVD.

limb." This provision applies to the states through the Fourteenth Amendment. *McLaughlin v. Fahringer*, 150 Ariz. 274, 277, 723 P.2d 92, 95 (1986).

[2]Our own provision reads: "No person shall be compelled in any criminal case to give evidence against himself, or be twice put in jeopardy for the same offense." Ariz. Const. art. II, § 10.

[3]"A duplicitous charge exists '[w]hen the text of an indictment refers only to one criminal act, but multiple alleged criminal acts are introduced to prove the charge.'" *State v. Paredes-Solano*, 223 Ariz. 284, ¶ 4, 222 P.3d 900, 903 (App. 2009), *quoting State v. Klokic*, 219 Ariz. 241, ¶ 12, 196 P.3d 844, 847 (App. 2008) (alteration in *Paredes-Solano*).

**¶4** McPherson acknowledges that, because he knew of the trial court's intention to impose consecutive sentences before the pronouncement of sentence, his failure to raise the issue below has forfeited review for all but fundamental error. *See State v. Henderson*, 210 Ariz. 561, ¶¶ 19-20, 115 P.3d 601, 607-08 (2005). As he points out, however, an illegal sentence constitutes fundamental, prejudicial error, *State v. Zinsmeyer*, 222 Ariz. 612, ¶ 26, 218 P.3d 1069, 1080 (App. 2009); *State v. Gonzalez*, 216 Ariz. 11, ¶ 2, 162 P.3d 650, 651 (App. 2007), as does a double jeopardy violation. *State v. McGill*, 213 Ariz. 147, ¶ 21, 140 P.3d 930, 936 (2006).

Double Jeopardy

**¶5** Because "[t]he double jeopardy provisions in the federal and Arizona constitutions 'do not significantly differ, . . . the same standard generally is used to analyze both provisions.'" *State v. Wilson*, 207 Ariz. 12, n.2, 82 P.3d 797, 800 n.2 (App. 2004), *quoting State v. Welch*, 198 Ariz. 554, n.2, 12 P.3d 229, 230 n.2 (App. 2000). "The Double Jeopardy Clauses in the United States and Arizona Constitutions prohibit: (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense." *Lemke v. Rayes*, 213 Ariz. 232, ¶ 10, 141 P.3d 407, 411 (App. 2006) (footnote omitted).

> In contrast to the double jeopardy protection against multiple trials, the final component of double jeopardy— protection against cumulative punishments—is designed to ensure that the sentencing discretion of courts is confined to the limits established by the legislature. Because the substantive power to prescribe crimes and determine punishments is vested with the legislature, the question under the Double Jeopardy Clause whether punishments are "multiple" is essentially one of legislative intent.

4

*Ohio v. Johnson*, 467 U.S. 493, 499 (1984) (citation omitted). The intent of the legislature in defining and fixing the punishment for an offense is a question of law we review de novo. *See State v. Burdick*, 211 Ariz. 583, ¶ 5, 125 P.3d 1039, 1041 (App. 2005).

¶6 Section 13-3553(A)(2) prohibits "possessing . . . any visual depiction in which a minor is engaged in exploitive exhibition or other sexual conduct." A "'[v]isual depiction' includes each visual image that is contained in an undeveloped film, videotape or photograph or data stored in any form and that is capable of conversion into a visual image." A.R.S. § 13-3551(11). As our supreme court noted in *State v. Berger*, the legislature intended these statutes to criminalize each image that constitutes child pornography because its very existence harms the victim it depicts. 212 Ariz. 473, ¶¶ 3, 18-20, 134 P.3d 378, 379, 382-83 (2006) (*Berger II*). Even identical images, therefore, result in separate prosecution and punishment. *State v. Valdez*, 182 Ariz. 165, 170-71, 894 P.2d 708, 713-14 (App. 1994); *see* A.R.S. §§ 13-705(M), 13-3553(C) (requiring consecutive sentences for each conviction of sexual exploitation of minor under fifteen); *see also* A.R.S. § 13-711(A) ("Except as otherwise provided by law, if multiple sentences of imprisonment are imposed on a person at the same time, the sentence or sentences imposed by the court shall run consecutively . . . .").

¶7 Other jurisdictions have held that multiple convictions for possession of child pornography do not constitute double jeopardy, even if the separate images underlying the convictions were obtained in the same electronic download, *see, e.g.*, *Fink*

5

*v. State*, 817 A.2d 781, 787-88 (Del. 2003), or contained in the same compact disk, *see, e.g.*, *State v. Ravell*, 922 A.2d 685, 687 (N.H. 2007). Under Arizona law, we similarly must conclude that separate convictions and punishments for different images on the same DVD are constitutionally permissible because the legislature intended the unit of prosecution to be each individual "depiction." § 13-3553(A)(2).

¶8        McPherson has offered no argument about the legislature's intent. Instead, he argues his case is similar to the hypothetical situation discussed in *State v. Taylor*, where our supreme court questioned the propriety of consecutive sentences for a defendant who "acquired all of the photographs at the same time in one book from someone else." 160 Ariz. 415, 420, 773 P.2d 974, 979 (1989). We acknowledge that other jurisdictions construing different statutes have determined the simultaneous receipt or possession of multiple images will allow only one conviction and punishment. *E.g.*, *United States v. Buchanan*, 485 F.3d 274, 278, 282 (5th Cir. 2007) (finding separate counts of receipt of child pornography multiplicitous and prohibited by Double Jeopardy Clause when "government did not offer any proof that [defendant] took more than one action to receive the four images that were the basis of his convictions"); *State v. Sutherby*, 204 P.3d 916, ¶ 25 (Wash. 2009) (concluding intended unit of prosecution under statute "is one count per possession of child pornography, without regard to the number of images comprising such possession or the number of minors depicted in the images possessed"). But under our own statutes, we can only conclude the legislature intended separate punishments for separate or duplicate images of child pornography,

6

even when those images are acquired at the same time.[4]  Any contrary suggestion in *Taylor* is mere dicta and, perhaps more importantly, bereft of any evidence or analysis to support a contrary view of legislative intent.[5]

¶9        Additionally, we note that although we have assumed McPherson's case, as charged, is analogous to the hypothetical scenario discussed in *Taylor*, the facts underlying his possession of the DVD clearly distinguish him from someone who instantly comes into possession of an album of child pornography.  His situation is more akin to a pair of Wisconsin cases:  *State v. Multaler*, 643 N.W.2d 437 (Wis. 2002), and *State v. Schaefer*, 668 N.W.2d 760 (Wis. Ct. App. 2003).  In *Multaler*, the defendant had created two computer disks "over a period of time" that contained a multitude of illicit images, and the court upheld his twenty-eight convictions stemming from the separate image files on the disks.  643 N.W.2d 437, ¶¶ 50-51, 58, 69.  Likewise, in *Schaefer* the court upheld eighteen possession convictions that were based upon separate files from a "Zip disk" removed from the defendant's computer.  668 N.W.2d 760, ¶¶ 42, 50, 56.  As Wisconsin's high court reasoned:

---

[4]We acknowledge that *Berger II* did not decide this issue.  *See* 212 Ariz. 473, n.6, 134 P.3d at 388 n.6 (Hurwitz, J., concurring) (emphasizing court did not reach constitutionality of consecutive punishments for defendants who "downloaded the images at one sitting, or possessed a book with twenty illegal photographs inside").  Yet the court had no cause to do so in that case, given that "each count was based on a different video or photo image, the images involved some fifteen different child victims, and Berger had accumulated the images over a six-year period."  212 Ariz. 473, ¶ 26, 134 P.3d at 383.

[5]We are skeptical the legislature would wish to punish less severely a person who knowingly acquires hundreds of illicit images in one download or disk than a person who possesses two copies of the same image that were created at different times.  *Cf. Valdez*, 182 Ariz. at 171, 894 P.2d at 714.  We have discovered no legislative intent to discount punishments for child pornography consumers who buy in bulk.

7

> In essence, because it appears that the images on the disks were photographs of actual children, the disks served as electronic photo albums. The language of [the statute criminalizing child pornography] shows that the legislature would deem it appropriate to bring separate charges for separate photographs in a traditional photo album. Similarly, the legislature presumably would deem separate charges appropriate for individual images displayed in an electronic photo album.

*Multaler*, 643 N.W.2d 437, ¶ 67. Although the double jeopardy analysis undertaken in these cases may differ from Arizona law or be problematic in some ways, *see Schaefer*, 668 N.W.2d 760, ¶ 56 & n.11, we discuss these cases merely to underscore the absence of fundamental, constitutional error here.

¶10 Additionally, McPherson has not argued that his convictions are multiplicitous and therefore prohibited by double jeopardy principles. The Double Jeopardy Clause applies to convictions as well as sentences, *State v. Watson*, 120 Ariz. 441, 453, 586 P.2d 1253, 1265 (1978), and when a defendant is convicted of the same offense in separate counts, such multiplicitous convictions generally are not permitted. *See Merlina v. Jejna*, 208 Ariz. 1, ¶ 12 & n.4, 90 P.3d 202, 205 & n.4 (App. 2004); *see also United States v. Bobb*, 577 F.3d 1366, 1372 (11th Cir. 2009) (acknowledging unlawful multiplicitous convictions must be vacated even with concurrent sentences); *United States v. Davenport*, 519 F.3d 940, 947 (9th Cir. 2008) (same). McPherson's arguments on appeal implicitly acknowledge the validity of his separate convictions. We therefore question whether he has made a logically coherent argument against separate punishments under the Double Jeopardy Clause. *Cf. Buchanan*, 485 F.3d at 280 (finding double jeopardy violations based on unit of prosecution being "'actus reus, the physical

8

conduct of the defendant'"), *quoting United States v. Reedy*, 304 F.3d 358, 365 (5th Cir. 2002).

A.R.S. § 13-116

**¶11** McPherson's statutory argument against consecutive sentencing is similarly unavailing. Section 13-116 provides:

> An act or omission which is made punishable in different ways *by different sections of the laws* may be punished under both, but in no event may sentences be other than concurrent. An acquittal or conviction and sentence under either one bars a prosecution for the same act or omission under any other, to the extent the Constitution of the United States or of this state require.

(Emphasis added.) When two or more counts are punishable under the same section of the law, consecutive sentences are not prohibited by § 13-116. *State v. Henley*, 141 Ariz. 465, 467, 687 P.2d 1220, 1222 (1984), *abrogated on other grounds by State v. Soliz*, 223 Ariz. 116, ¶ 17, 219 P.3d 1045, 1049 (2009); *State v. Hamblin*, 165 Ariz. 211, 213-14, 797 P.2d 1229, 1231-32 (App. 1990), *disapproved on other grounds by State v. Powers*, 200 Ariz. 363, ¶ 10, 26 P.3d 1134, 1135 (2001); *State v. Roberts*, 131 Ariz. 519, 522, 642 P.2d 864, 867 (App. 1981), *approved in relevant part*, 131 Ariz. 513, 514, 642 P.2d 858, 859 (1982). "Furthermore . . . § 13-116 'does not apply to sentences imposed for a single act that harms multiple victims.'" *State v. Burdick*, 211 Ariz. 583, n.4, 125 P.3d 1039, 1042 n.4 (App. 2005), *quoting State v. Riley*, 196 Ariz. 40, ¶ 21, 992 P.2d 1135, 1142 (App. 1999); *accord State v. Gunter*, 132 Ariz. 64, 70, 643 P.2d 1034, 1040 (App. 1982) (interpreting predecessor statute).

**¶12** Here, McPherson committed multiple violations of the same law, A.R.S. § 13-3553(A)(2), apparently victimizing different children.[6] Thus, § 13-116 does not apply. Furthermore, because McPherson committed multiple violations of the same statute, rather than being convicted of the same act under different provisions of the law, the *Gordon* analysis[7] he urges is inapplicable. *See State v. Williams*, 182 Ariz. 548, 562, 898 P.2d 497, 511 (App. 1995).

## Cruel and Unusual Punishment

**¶13** McPherson next argues, as he did in his sentencing motion below, that the mandatory consecutive sentences he faced for possessing each illicit image violated his federal and state constitutional rights to be free from cruel and unusual punishment. *See* U.S. Const. amends. VIII, XIV; Ariz. Const. art. II, § 15. With these arguments, McPherson essentially seeks a ruling that this court is not empowered to provide. "This court is bound by decisions of the Arizona Supreme Court and has no authority to overturn or refuse to follow its decisions." *State v. Long*, 207 Ariz. 140, ¶ 23, 83 P.3d 618, 623 (App. 2004).

**¶14** In *Berger II*, a majority of our supreme court held that consecutive mandatory minimum ten-year sentences, totaling 200 years, for the possession of child pornography did not violate the Eighth Amendment's ban on cruel and unusual punishment. 212 Ariz. 473, ¶¶ 25, 27, 51, 134 P.3d at 383, 384, 388. As McPherson

---

[6]The descriptions in the indictment suggest there were multiple victims or, at minimum, images of distinct episodes of victimization. The DVD containing the images has not been included in the record on appeal.

[7]*See State v. Gordon*, 161 Ariz. 308, 315, 778 P.2d 1204, 1211 (1989).

10

correctly points out, our supreme court did not expressly address whether this sentencing scheme violates our nearly identical state constitutional provision, article II, § 15. But its decision nevertheless foreclosed a novel analysis of state law by this court.

¶15     In its partially vacated opinion, this court made clear that Berger had alleged his sentences violated both the federal and state constitutional provisions. *State v. Berger*, 209 Ariz. 386, ¶¶ 1, 3 & n.2, 103 P.3d 298, 299, 300 & n.2 (App. 2004) (*Berger I*), *vacated in part by Berger II*, 212 Ariz. 473, ¶ 51, 134 P.3d at 388. Our ruling interpreted these provisions in the same manner, *id.* ¶ 3 & n.2, and disposed of both his Eighth Amendment and article II, § 15 claims. *Berger I*, 209 Ariz. 386, ¶ 29, 103 P.3d at 307. This court concluded: "The federal and state constitutional prohibitions against cruel and unusual punishment have not been violated in this case." *Id.* Briefs submitted to our supreme court on review addressed the constitutionality of Berger's sentences under both the Eighth Amendment and article II, § 15 of our state constitution. Appellee's Supp. Brief at i, *State v. Berger*, 212 Ariz. 473, 134 P.3d 378 (2006) (No. CR-05-0101-PR), 2005 WL 3965948; Brief of Amicus Curiae Am. Civil Liberties Union of Ariz. at 1, *State v. Berger*, 212 Ariz. 473, 134 P.3d 378 (2006) (No. CR 05-0101-PR), 2005 WL 3965947. The Arizona constitutional issue, therefore, was squarely before our supreme court in *Berger II*.

¶16     The court also was aware independently of the existence of our state constitutional provision and the fact that it provided a potential avenue to resolve the case before it. Less than three years earlier, in *State v. Davis*, 206 Ariz. 377, ¶ 12, 79 P.3d 64, 67 (2003), the court had ordered supplemental briefing to address "whether [a]rticle II,

11

[s]ection 15 of the Arizona Constitution provides greater protection against cruel and unusual punishment than does the Eighth Amendment to the United States Constitution." In that case, the court ultimately found no "compelling reason to interpret Arizona's cruel and unusual punishment provision differently from the related provision in the federal constitution." 206 Ariz. 377, ¶ 12, 79 P.3d at 68. *Davis* was discussed at length in both the majority[8] and dissenting[9] opinions in *Berger II*. To date, our supreme court has declined to interpret our state constitutional provision more broadly than its federal counterpart. Any change in that approach would be in the exclusive purview of that court. *See Long*, 207 Ariz. 140, ¶ 23, 83 P.3d at 623 (this court bound by opinions of our highest state court).

### Equal Protection

¶17     Finally, McPherson claims our state's mandatory punishment scheme for the possession of child pornography violates the equal protection guarantees of the United States and Arizona Constitutions. *See* U.S. Const. amend. XIV, § 1; Ariz. Const. art. II, § 13. McPherson argues, specifically, that classifying and punishing the simple possession of child pornography as a dangerous crime against children (DCAC) pursuant to § 13-705 is irrational because, unlike the other DCAC offenses, this crime is neither violent nor committed "directly against children." He further notes that those who cause children under the age of fifteen to engage in bestiality are eligible for probation, *see*

---

[8]*Berger II*, 212 Ariz. 473, ¶¶ 37-48, 134 P.3d at 385-87.

[9]*Berger II*, 212 Ariz. 473, ¶¶ 69, 76, 79, 134 P.3d at 392, 393, 394 (Berch, V.C.J., concurring in part and dissenting in part).

§§ 13-705(F), (H), 13-1411(A)(2), (D), and defendants who commit multiple acts of molestation against a single child are eligible for concurrent sentences, § 13-705(M), whereas people such as him who possess multiple images of child pornography are ineligible for probation and face mandatory consecutive sentences. § 13-705(D), (H), (M). Thus, the statute permits punishing people like him "even more severely than those who commit offenses directly against children."

¶18　　　　In the non-vacated portion of *Berger I*, this court analyzed a species of this equal protection argument. *See* 209 Ariz. 386, ¶¶ 1, 6, 103 P.3d at 299, 300; *see also Berger II*, 212 Ariz. 473, ¶ 51, 134 P.3d at 388. There, the defendant challenged the DCAC statute on the ground that it "imposed the same range of punishment both for sexual exploitation of a minor and for commercial sexual exploitation of a minor, although commercial sexual exploitation is a more serious crime." *Berger I*, 209 Ariz. 386, ¶ 6, 103 P.3d at 300. In evaluating this argument, this court framed the issue as "whether there is a rational basis for the distinction" or classification. *Id.* ¶¶ 7, 8. McPherson agrees that such a rational basis test applies to his equal protection claim. As that opinion explained:

> "Rational basis review imposes on . . . the parties challenging the constitutionality of the Act . . . the burden of establishing that the law is unconstitutional by demonstrating that there is no conceivable basis for the Act. A legislative enactment challenged under the rational basis test will pass constitutional muster unless it is proved beyond a reasonable doubt to be wholly unrelated to any legitimate legislative goal. Moreover, the law 'need not be in every report logically consistent with its aims to be constitutional. It is enough that there is an evil at hand for correction, and th[at] it might be

13

> thought that the particular legislative measure was a rational way to correct it.'"

*Id.* ¶ 8, *quoting Martin v. Reinstein*, 195 Ariz. 293, ¶ 52, 987 P.2d 779, 795-96 (App. 1999) (alteration in *Berger I*) (citations omitted in *Berger I*).

¶19 Under this standard, we reject McPherson's basic argument that noncommercial sexual exploitation of a minor—that is, the simple possession of child pornography—is irrationally included among the DCAC offenses because it is less serious than the other DCAC offenses. We do so for the same reasons set forth in *Berger I*, 209 Ariz. 386, ¶¶ 9-12, 103 P.3d at 301-02.

¶20 As to the more lenient treatment of bestiality involving young children, we find this aspect of the law odd, but not constitutionally fatal. It could be that the legislature regarded bestiality as less prevalent than the sexual exploitation of minors and thus less in need of deterrence. Further, we note that acts of bestiality involving young children that are documented by a photograph or video constitute sexual exploitation under A.R.S. §§ 13-3551(9)(c) and 13-3553(A). The differing treatment thus appears to be based on the principle that "the victimization of a child continues when that act is memorialized in an image." *Berger I*, 209 Ariz. 386, ¶ 10, 103 P.3d at 301. Accordingly, we can identify a rational basis for the differing treatment of bestiality.

¶21 Insofar as § 13-705(M) shows more lenience toward a repeated child molester than a possessor of child pornography, we find that aspect of the law counterintuitive, but not unconstitutional. When a perpetrator makes no permanent record of his molestation of a child, the legislature may view the consequences of his

14

criminal act as more contained and less far reaching. *Cf. Berger I*, 209 Ariz. 386, ¶ 10, 103 P.3d at 301 (noting victimization caused by indecent exposure "ends upon completion of the act"). Additionally, the consumption of child pornography may fuel a market and create incentives to produce it, *id.* ¶ 11, while the molestation of a child, by itself, does not have a similar market impact. "Criminalizing the possession of child pornography is tied directly to state efforts to deter its production and distribution." *Berger II*, 212 Ariz. 473, ¶ 19, 134 P.3d at 382. Criminalization encourages the destruction of these illicit materials, *id.*, which would otherwise continue to haunt and harm the children depicted, *id.* ¶ 18, and could even be used to lure future victims. *Id.* ¶ 20. Thus, there is a conceivable rational basis for the legislature's apparent decision to punish those who possess child pornography more severely than those who molest children, even though that distinction may, in our view, contradict traditional notions of culpability and proportionality.

¶22    We acknowledge that the arguably disproportionate sentence ranges set forth in Arizona's statutory scheme for simple, private possession of child pornography may be the product of mere legislative happenstance in consolidating such crimes for purposes of description and sentencing with other, more aggravated actions involving considerably more malice and direct harm towards a child. Specifically, § 13-3553 characterizes the possession of child pornography as the crime of "sexual exploitation of a minor" and makes no distinction for the purposes of sentencing between such possession and the direct sexual exploitation of children by coercing them to perform live

sexual acts, *see* A.R.S. § 13-3552, photographing them engaged in such acts, or profiting from the circulation of the images.

**¶23** As a justice of our supreme court has accurately observed, those who have offended by simply possessing child pornography rarely possess only one image. *Berger II*, 212 Ariz. 473, ¶ 75, 134 P.3d at 393 (Berch, V.C.J., concurring in part and dissenting in part). This fact, coupled with our conclusion today that the legislature has intended to characterize possession of each image as a separate offense, and the requirement that each count carry a consecutive sentence, has the effect of mandating a constructive term of life imprisonment on most of those convicted of such crimes. *See, e.g.*, *State v. Windsor*, 224 Ariz. 103, ¶ 1, 227 P.3d 864, 864 (App. 2010) (fifty years for five images). Trial courts are left little discretion to impose significantly more lenient terms on those specific individuals who have no prior record of any criminal behavior and whose entire offense may have occurred during a single visit to the internet.

**¶24** However, within constitutional confines, it is the legislature's prerogative, not ours, to determine the appropriate punishment to impose for particular offenses. Our state supreme court already has determined that the sentences currently mandated for the possession of child pornography violate neither the Eighth Amendment to the United States Constitution nor article II, § 15 of the Arizona Constitution. This court is bound to follow that authority.

16

## Disposition

¶25        For the foregoing reasons, McPherson's convictions and consecutive sentences totaling seventy years are affirmed.

/s/ *Peter J. Eckerstrom*
PETER J. ECKERSTROM, Presiding Judge

CONCURRING:

/s/ *Joseph W. Howard*
JOSEPH W. HOWARD, Chief Judge

/s/ *J. William Brammer, Jr.*
J. WILLIAM BRAMMER, JR., Judge