391 P.3d 1210

**The STATE of Arizona, Appellee,**

v.

**Ronald Paul GULLI, Appellant.**

**No. 2 CA–CR 2015–0039**

Court of Appeals of Arizona,
Division 2.

Filed March 2, 2017

Mark Brnovich, Arizona Attorney General, Joseph T. Maziarz, Chief Counsel, Phoenix, By Amy M. Thorson, Assistant Attorney General, Tucson, Counsel for Appellee

Dean Brault, Pima County Legal Defender, By Stephan J. McCaffery, Assistant Legal Defender, Tucson, Counsel for Appellant

Judge Vásquez authored the opinion of the Court, in which Presiding Judge Howard and Chief Judge Eckerstrom concurred.

## OPINION

VÁSQUEZ, Judge:

¶ 1 After a jury trial, Ronald Gulli was convicted of twenty-six counts of sexual exploitation of a minor and two counts of sexual conduct with a minor. The trial court sentenced him to consecutive prison terms totaling 482 years. On appeal, Gulli argues the court erroneously instructed the jury on the meaning of "sexual conduct" and his sentences for sexual exploitation violate his right to be free from cruel and unusual punishment. For the following reasons, we vacate Gulli's convictions and sentences for sexual conduct with a minor, but we otherwise affirm.

### Factual and Procedural Background

¶ 2 We view the facts and all reasonable inferences therefrom in the light most favorable to sustaining Gulli's convictions. *See State v. Williams*, 236 Ariz. 600, ¶ 2, 343 P.3d 470, 471 (App. 2015). In June 2012, after Gulli's wife became concerned about his persistent interest "in being with children" that "didn't seem natural," she went "snoop[ing]" in his home office and found a video disk containing photographs of naked young girls who appeared to be between eight years old and early teens. She copied the photos to a thumb drive and took it to the police department. Officers obtained a search warrant and seized Gulli's computer. On it, they found twenty-four videos of female children engaged in various sexual acts. They also found two photographs of eleven-year-old M.M., taken on separate dates, lying down with a wooden dowel in her anus. M.M. was friends with Gulli's nine- and twelve-year-old daughters.

¶ 3 A grand jury indicted Gulli for twenty-six counts of sexual exploitation of a minor under fifteen, two counts of sexual conduct with a minor under fifteen, and one count each of sexual abuse of a minor under fifteen and molestation of a child. On the state's motion, the trial court dismissed the child-abuse and molestation charges. The jury found Gulli guilty of the remaining offenses, and the court sentenced him to seventeen-year prison terms for each of the sexual-exploitation counts and twenty-year prison terms for each of the sexual-conduct counts, all to be served consecutively. This appeal followed. We have jurisdiction pursuant to A.R.S. §§ 12–120.21(A)(1), 13–4031, and 13–4033(A)(1).

### Jury Instructions

¶ 4 Gulli argues the trial court erred by instructing the jury on the definition of "sexual conduct." He acknowledges that, because he failed to raise this argument below, he has forfeited review for all but fundamental, prejudicial error. *See State v. Henderson*, 210 Ariz. 561, ¶¶ 19–20, 115 P.3d 601, 607–08 (2005). Under this standard, Gulli must show that error exists, that it was fundamental, and that the error caused him prejudice. *See State v. Juarez–Orci*, 236 Ariz. 520, ¶ 11, 342 P.3d 856, 859–60 (App. 2015). We review de novo whether a jury instruction correctly states the law. *State v. Hausner*, 230 Ariz. 60, ¶ 107, 280 P.3d 604, 627 (2012).

¶ 5 Pursuant to A.R.S. § 13–1405(A), "[a] person commits sexual conduct with a minor by intentionally or knowingly engaging in sexual intercourse or oral sexual contact with any person who is under eighteen years of

age."[1] "Sexual intercourse" is defined as "penetration into the penis, vulva or anus by any part of the body or by any object or masturbatory contact with the penis or vulva." A.R.S. § 13–1401(A)(4).[2] "Oral sexual contact" means "oral contact with the penis, vulva or anus." § 13–1401(A)(1). Consistent with these statutes, the grand jury indicted Gulli for sexual conduct with a minor under fifteen in amended counts 25 and 26 for "engaging in an act of sexual intercourse with [M.M.]" by "inserting a wooden dowel into [her] anus."

¶ 6 The final jury instructions included a description of the proof required for "sexual conduct with a minor" consistent with § 13–1405(A) and a definition of "sexual intercourse" pursuant to § 13–1401(A)(4).[3] However, the trial court also specifically instructed the jury, "Regarding Counts 25 [and] 26: 'Sexual Conduct' means any direct or indirect touching, fondling, or manipulating of any part of the genitals, anus or female breast by any part of the body or by any object *or causing a person to engage in such contact.*" (Emphasis added.)

¶ 7 Gulli points out that the jury instructions' additional language for the meaning of "sexual conduct" mirrors the definition for "sexual contact" under § 13–1401(A)(3), which is "legally irrelevant" to § 13–1405(A). In addition, he argues the trial court committed fundamental, prejudicial error by giving this instruction because it "amplified the definition of the crime" and "allowed the jury to convict [him by finding] that he caused M.M. to place the dowel in her own anus." The state concedes there was error here but maintains it was neither fundamental nor prejudicial. We disagree.

**Fundamental Error**

 ¶ 8 Fundamental error is "error going to the foundation of the case, error that takes from the defendant a right essential to his defense, and error of such magnitude that the defendant could not possibly have received a fair trial." *Henderson*, 210 Ariz. 561, ¶ 19, 115 P.3d at 607, *quoting State v. Hunter*, 142 Ariz. 88, 90, 688 P.2d 980, 982 (1984). "[I]nstructing a jury on a non-existent theory of criminal liability is fundamental error." *State v. James*, 231 Ariz. 490, ¶ 13, 297 P.3d 182, 185 (App. 2013).

¶ 9 "Sexual conduct" is not defined in § 13–1401(A). Instead, our legislature described "sexual conduct with a minor" as including "sexual intercourse" or "oral sexual conduct," § 13–1405(A), and both of those terms are defined in § 13–1401(A). Thus, as Gulli notes, the definition of "sexual contact" in § 13–1401(A)(3) has no application to the offense of "sexual conduct with a minor."

 ¶ 10 By instructing the jury on the definition of "sexual contact," the trial court effectively created a non-existent way of committing sexual conduct with a minor. Gulli was indicted for sexual conduct with a minor by "engaging in an act of sexual intercourse with [M.M.]," specifically by "inserting a wooden dowel in [her] anus." "Sexual intercourse" requires "penetration" or "masturbatory contact," § 13–1401(A)(4), and involves "at least two persons" participating in the act, *State ex rel. Hamilton v. Superior Court*, 128 Ariz. 184, 186, 624 P.2d 862, 864 (1981); *State v. Flores*, 160 Ariz. 235, 240, 772 P.2d 589, 594 (App. 1989). "Sexual contact," on the other hand, includes "causing a person to engage" in certain conduct, § 13–1401(A)(3), meaning it encompasses acts "that an adult directs a victim to perform upon herself," *State v. Marshall*, 197 Ariz. 496, ¶ 29, 4 P.3d 1039, 1047 (App. 2000). By instructing the jury that the definition of "sexual contact" is in fact "sexual conduct," the court misstated the law and, in doing so, authorized the jury to find Gulli guilty even if

1. The offense is elevated to a class two felony if the person is under fifteen years of age. § 13–1405(B).

2. Section 13–1401(A) was renumbered after Gulli's conviction. *See* 2015 Ariz. Sess. Laws, ch. 209, § 2. We cite the current version of the statute here.

3. Although the written instructions for "sexual intercourse" aligned with § 13–1401(A)(4), as part of the oral instructions to the jury, the trial court stated that "sexual intercourse" included "masturbatory conduct," rather than "masturbatory contact." Because Gulli does not raise this issue on appeal and we find other error with the instructions, we do not address it.

M.M. had inserted the wooden dowel herself at Gulli's direction. *Cf. State v. Dickinson*, 233 Ariz. 527, ¶¶ 11–12, 314 P.3d 1282, 1285–86 (App. 2013) (instructions allowing jury to convict defendant of attempted second-degree murder by finding he knew conduct would cause serious physical injury constitute fundamental error because no such offense exists).

¶ 11 Contrary to the state's argument, the other jury instructions and the prosecutor's closing argument did not "clarif[y] the applicable law." *See State v. Tarr*, 235 Ariz. 288, ¶ 14, 331 P.3d 423, 428 (App. 2014) (when determining whether jury instructions adequately state law, we must review them in entirety and may consider closing arguments). Although the trial court provided proper written instructions for the offense of "sexual conduct with a minor" and for the definition of "sexual intercourse," those instructions did not help to define the elements of the offense in light of the additional definition of "sexual conduct" that expressly created another way of committing the offense.

¶ 12 The record also does not support the state's contention that its closing argument "helped to clarify that the State had to prove that [Gulli] had knowingly penetrated M.M. with the dowel." The prosecutor stated that sexual conduct with a minor "means the State has to prove to you that [Gulli] knowingly engaged in an act of sexual intercourse, meaning penetration, however slight, into the vagina or the anus of a person who is under the age of 15, that person you heard about, [M.M.]." But as we discuss below, this language did not clearly convey to the jury that Gulli had to do the penetrating. Accordingly, Gulli has met his burden of showing fundamental error. *See James*, 231 Ariz. 490, ¶ 13, 297 P.3d at 185.

**Prejudice**

¶ 13 "Prejudice is a fact-intensive inquiry, the outcome of which will 'depend[ ] upon the type of error that occurred and the facts of a particular case.'" *Dickinson*, 233 Ariz. 527, ¶ 13, 314 P.3d at 1286, *quoting James*, 231 Ariz. 490, ¶ 15, 297 P.3d at 186. The defendant "must show that a reasonable jury, applying the appropriate [law], could have reached a different result." *Henderson*, 210 Ariz. 561, ¶ 27, 115 P.3d at 609. In conducting this analysis, we consider "the parties' theories, the evidence received at trial and the parties' arguments to the jury." *Dickinson*, 233 Ariz. 527, ¶ 13, 314 P.3d at 1286.

¶ 14 The state's theory of the case was that Gulli "is a person who has an abhorrent sexual interest in children, made his house into a place where kids would want to come, and when they didn't, he would invite them." The defense's theory of the case was that, because "[M.M.] never disclosed, in any forensic interview, that the conduct which is purported to have occurred in Counts Twenty-five and Twenty-six ... ever occurred," it did not happen. Gulli further maintained that the only evidence related to those two counts were the photographs, which could have been "altered or changed in some way."

¶ 15 Turning to the evidence presented at trial, the parties stipulated that, "during the forensic interview of [M.M.], she did not disclose any information about the penetration of her anus." However, a detective testified that it is "not unusual" for victims to fail to disclose information "about [an] act of penetration." And the state introduced evidence of two photographs taken on different dates depicting M.M. with a dowel in her anus. She was not called to testify at trial.

¶ 16 During its closing argument, the state asserted that Gulli "committed a hands-on offense against [M.M.], and then took photos of [it]." The state directed most of its initial closing argument to a discussion of the law and evidence supporting the charges of sexual exploitation of a minor. In that context, it noted that sexual conduct "is defined as sexual intercourse, it's defined as penetration, however slight, into the vagina or rectum, or an act of masturbation, that would *only* apply to Counts One through Twenty-four in this case." However, it subsequently stated that "[t]his is the same definition that you use for Counts Twenty-five and Twenty-six," the counts alleging sexual conduct with a minor.

¶ 17 In his closing argument, defense counsel highlighted M.M.'s failure to report any

incident involving a dowel. In addition, defense counsel asserted, "There is no corroboration for [the dowel pictures], none, that is their only evidence." He further questioned whether the state had met its burden of proof:

> What are those pictures with the dowels? Are they real? ... [A]re they really what the State purports them to be? Do you know? Do you know beyond a reasonable doubt? Has somebody come in here and proven that to you? Has somebody proven to you that that was [Gulli] that took the picture? Has somebody even really proven to you that that was [M.M.] in the picture? ... [O]r is it an album of things that are photo shopped together?

In its rebuttal closing argument, the state responded to Gulli's claim that the photographs had been photoshopped as follows:

> So Counts Twenty-five and Twenty-six, the sexual conduct counts, if there is a real possibility that it's photo shopped, and again, no evidence of that, but if that were a real, if you determine that that is a real possibility, he is not guilty of those two counts, but he is just as guilty in Counts Twenty-seven and Twenty-eight.

¶ 18 Based on the lack of evidence about how the dowel incidents occurred, we conclude that a reasonable jury, properly instructed on the offense of sexual conduct with a minor, could have reached a different result. *See Henderson*, 210 Ariz. 561, ¶ 27, 115 P.3d at 609. We reject as speculation the state's assertion that Gulli must have inserted the dowel into M.M.'s anus while she was sleeping because there was another photo taken on the same day as one of the dowel incidents showing M.M. sleeping. *Cf. State v. Trujillo*, 227 Ariz. 314, ¶ 17, 257 P.3d 1194, 1198 (App. 2011) (speculation insufficient to show prejudice).

¶ 19 Indeed, it appears that the jury struggled with the precise issue presented here. During deliberations, the jury posed the following question: "If [M.M.] inserted the dowel herself, would ... Gulli still be guilty of engaging in an act of sexual intercourse?

Regarding counts 25–26." The trial court sent the following reply to the jury: "Please refer to the jury instructions regarding sexual conduct with a minor. In conjunction with all the jury instructions." As Gulli points out, "There can be no reasonable claim that the jury, now redirected to the instructions for sexual conduct, would not have focused on the very same language and reached the same, legally false, conclusion." Gulli has therefore met his burden of showing fundamental, prejudicial error. *See Henderson*, 210 Ariz. 561, ¶¶ 19–20, 115 P.3d at 607–08. Accordingly, we vacate his convictions and sentences for sexual conduct with a minor. *See State v. Abdi*, 226 Ariz. 361, ¶ 33, 248 P.3d 209, 216 (App. 2011).

## Sentencing

¶ 20 Gulli contends his prison sentences for sexual exploitation of a minor, imposed pursuant to A.R.S. §§ 13–705 and 13–3553(C), violate his right to be free from cruel and unusual punishment. *See* U.S. Const. amends. VIII, XIV; Ariz. Const. art. II, § 15. However, he "essentially seeks a ruling that this court is not empowered to provide." *State v. McPherson*, 228 Ariz. 557, ¶ 13, 269 P.3d 1181, 1186 (App. 2012).

¶ 21 As Gulli acknowledges, our supreme court concluded in *State v. Berger*, 212 Ariz. 473, ¶¶ 25, 51, 134 P.3d 378, 383, 388 (2006), that the defendant's twenty consecutive ten-year prison sentences, imposed pursuant to §§ 13–705 and 13–3553(C) for the possession of child pornography, did not violate the Eighth Amendment's ban on cruel and unusual punishment.[4] The court noted: "Eighth amendment analysis focuses on the sentence imposed for each specific crime, not on the cumulative sentence." *Id.* ¶ 28, *quoting United States v. Aiello*, 864 F.2d 257, 265 (2d Cir. 1988). Because this court is bound by the decisions of our supreme court and has no authority to overrule or disregard them, we must reject Gulli's argument. *See State v. Sullivan*, 205 Ariz. 285, ¶ 15, 69 P.3d 1006, 1009 (App. 2003).

---

**4.** *Berger* discusses A.R.S. § 13–604.01, which was renumbered to § 13–705. *See* 2008 Ariz. Sess. Laws, ch. 301, § 17.

¶ 22 Gulli additionally contends that his sentences violate article II, § 15 of our state constitution, which *Berger* did not address. But in *McPherson*, 228 Ariz. 557, ¶¶ 14–16, 269 P.3d at 1186–87, this court determined that the *Berger* reasoning applies equally to "our nearly identical state constitutional provision" and that "[a]ny change in that approach would be in the exclusive purview" of our supreme court. Because we do not think that *McPherson* was "based upon clearly erroneous principles" or that "conditions have changed so as to render [it] inapplicable," we decline Gulli's invitation to reconsider our decision in that case. *State v. Patterson*, 222 Ariz. 574, ¶ 19, 218 P.3d 1031, 1037 (App. 2009) (our prior decisions are "highly persuasive and binding").

## Disposition

¶ 23 For the above reasons, we vacate Gulli's two convictions and sentences for sexual conduct with a minor, but we affirm his convictions and sentences for sexual exploitation of a minor.