NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

SCOTT MICHAEL JONES, *Petitioner*.

No. 1 CA-CR 20-0206 PRPC
FILED 10-20-2020

Petition for Review from the Superior Court in Maricopa County
No. CR2016-142181-001
The Honorable Jay R. Adleman, Judge

**REVIEW GRANTED; RELIEF DENIED**

APPEARANCES

Maricopa County Attorney's Office, Phoenix
By Jeffrey R. Duvendack
*Counsel for Respondent*

Scott Michael Jones, Florence
*Petitioner*

---

**MEMORANDUM DECISION**

Presiding Judge Samuel A. Thumma, Judge D. Steven Williams and Judge David D. Weinzweig delivered the decision of the Court.

---

**PER CURIUM:**

**¶1**        Petitioner Scott Michael Jones petitions this court for review of the dismissal of his petition for post-conviction relief ("PCR").[1] We have considered the petition for review and, for the reasons stated, grant review but deny relief.

**FACTUAL AND PROCEDURAL HISTORY**

**¶2**        The State charged Jones with two counts of failure to register as a sex offender: failure to carry a valid identification (count one) and failure to annually renew and obtain identification (count two), both Class 6 felonies, committed on two separate dates. *See* A.R.S. § 13-3821(J). After a settlement conference and months of plea negotiations, Jones agreed to plead guilty to both counts and stipulated to 1.75 years in prison for count one, and to be placed on probation for count two upon release from prison. If Jones rejected probation, any sentence imposed would be consecutive to count one. In return, the State agreed to dismiss the allegation of all but one of Jones' six prior felony convictions. Because Jones failed to appear at his original sentencing hearing, the superior court rejected the stipulated term of 1.75 years in prison for count one and instead sentenced Jones to 2.25 years. As to count two, the court imposed a consecutive three-year probation tail.

**¶3**        Jones timely commenced PCR proceedings. In his PCR petition, Jones argued that counts one and two were continuing offenses and a single act; therefore, the consecutive sentences violated A.R.S. § 13-116's ban against double punishment. He also argued that his plea was not voluntary and ineffective assistance of counsel ("IAC") because

---

[1] Effective January 1, 2020, the Arizona Supreme Court amended the post-conviction relief rules. Because there were no substantive changes to the respective rules related to this decision, this decision applies and cites the current rules.

misleading advice from his attorney led him to enter into a plea with an illegal sentence. The superior court summarily dismissed the petition.

## DISCUSSION

**¶4** We review the superior court's dismissal order for an abuse of discretion, which is Jones' burden to prove. *State v. Gutierrez*, 229 Ariz. 573, 577, ¶ 19 (2012); *State v. Poblete*, 227 Ariz. 537, 538, ¶ 1 (App. 2011). He fails to do so.

**¶5** On review, Jones raises essentially the same arguments. First, Jones argues § 13-116 prohibits his consecutive sentences because counts one and two are multiple offenses that constitute a single act. Jones' argument fails. Jones committed multiple violations of the same law. A.R.S. § 13-116; *State v. McPherson*, 228 Ariz. 557, 562, ¶ 12 (App. 2012) (finding § 13-116 inapplicable where defendant committed multiple violations of the same law); *State v. Henley*, 141 Ariz. 465, 467 (1984) ("Because both counts are punishable under the same sections of the law, consecutive sentences would not have constituted double punishment in violation of our double punishment statute, A.R.S. § 13–116."). Thus, there is no colorable claim.

**¶6** Jones next argues that his plea was not voluntary and IAC because counsel gave him misleading advice that induced him to enter into a plea with an illegal sentence. Again, Jones fails to raise a colorable claim. *See State v. Hamilton*, 142 Ariz. 91, 93 (1984) (claims regarding the voluntariness of a plea are meritless if the record shows the superior court questioned the defendant in accordance with *Boykin v. Alabama*, 395 U.S. 238 (1969)); *State v. Febles*, 210 Ariz. 589, 635, ¶ 18 (App. 2005) (to raise a colorable claim, defendant must establish counsel's performance was objectively unreasonable based on applicable professional standards, and counsel's performance prejudiced defendant); *see also* Ariz. R. Crim. P. 33.7(e) ("The defendant must attach to the petition any affidavits, records, or other evidence currently available to the defendant supporting the petition's allegations.").

**¶7** Nothing in the record suggests that Jones' plea was not voluntary, that trial counsel performed deficiently, or that Jones was prejudiced. Jones was properly advised that with more than two historical felony convictions, Jones faced sentencing as a Category Three Offender after trial, as well as the possibility of consecutive terms. His counsel obtained a favorable plea for Jones by convincing the State to lower their initial offer from 3.75 years to 1.75 years. Finally, Jones cannot show prejudice based on the plea or counsel's performance because the superior

court, in its discretion, rejected the stipulated term of 1.75 years in prison for count one and imposed a consecutive probation term. Therefore, Jones' claims fail.

¶8            We grant review but deny relief.



AMY M. WOOD • Clerk of the Court
FILED:     AA