NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA,
*Appellee*,

v.

ALBERT ANDERSON,
*Appellant*.

No. 1 CA-CR 19-0600
FILED 8-12-2021

Appeal from the Superior Court in Maricopa County
No.  CR2019-104052-001
The Honorable Ronee Korbin Steiner, Judge

**AFFIRMED AS MODIFIED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Linley Wilson
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Aaron J. Moskowitz
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Presiding Judge David D. Weinzweig delivered the decision of the Court, in which Judge Jennifer M. Perkins and Judge James B. Morse Jr. joined.

---

**W E I N Z W E I G**, Judge:

**¶1**       Albert Jerome Anderson appeals his conviction and sentence for misconduct involving weapons. After searching the record and finding no arguable, non-frivolous question of law, Anderson's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), asking this court to search the record for fundamental error. Anderson had the opportunity to file a supplemental brief but did not. We affirm Anderson's conviction and sentence after reviewing the record but vacate the portion of the sentencing order requiring him to pay for DNA testing.

## FACTS AND PROCEDURAL BACKGROUND

**¶2**       A bus driver contacted Phoenix police in January 2019 to report that Anderson was "sleeping on the bus [and] refusing to exit." Officers responded, entered the bus and detained Anderson. Officers then frisked Anderson and found a loaded .380 semi-automatic handgun in his pants. Anderson was arrested.

**¶3**       Because Anderson was on felony probation, the State charged him with misconduct involving weapons. *See* A.R.S. §§ 13-3101(A)(7)(d); -3102(A)(4). The State also offered Anderson's felony probation status as an aggravating circumstance under A.R.S. § 13-708(C). Anderson pleaded not guilty.

**¶4**       After a three-day trial, the jury convicted Anderson of the charged offense but found the State did not prove Anderson's felony probation status beyond a reasonable doubt. The superior court sentenced Anderson to ten years in prison on the weapons charge and one consecutive 1.5-year term for violating the terms of his probation after finding six prior felony convictions. *See* A.R.S. § 13-703(C), (J); -708(E). The court awarded Anderson 257 days' presentence incarceration credit.

¶5          Anderson timely appealed.  We have jurisdiction under Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1), 13-4031 and -4033(A)(1).

## DISCUSSION

¶6          We have read and considered counsel's brief and have reviewed the record for reversible error.  *See Leon*, 104 Ariz. at 300.  We find none.  Anderson was present and represented by counsel at all stages of the proceedings against him.  The record reflects that the superior court afforded Anderson all his constitutional and statutory rights and that the proceedings were conducted in accordance with the Arizona Rules of Criminal Procedure.  The court conducted appropriate pretrial hearings, and the evidence presented at trial and summarized above was sufficient to support the jury's verdict.  Anderson's sentence falls within the range prescribed by law, with sufficient credit given for presentence incarceration.

¶7          We correct one sentencing error.  *See State v. McPherson*, 228 Ariz. 557, 559, ¶ 4 (App. 2012) ("[A]n illegal sentence constitutes fundamental, prejudicial error.").  The superior court erroneously ordered Anderson to pay for DNA testing under A.R.S. § 13-610.  *See State v. Reyes*, 232 Ariz. 468, 472, ¶ 14 (App. 2013) (holding that A.R.S. § 13-610 cannot form the basis to assess a defendant the cost of DNA testing).  We thus vacate that portion of the court's sentencing order.

## CONCLUSION

¶8          Anderson's conviction and sentence are affirmed.  Counsel's obligations in this appeal will end once Anderson is informed of the outcome and his future options, unless counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review.  *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984).  On the court's own motion, Anderson has 30 days from the date of this decision to proceed with a pro se motion for reconsideration or petition for review.

