NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent,*

*v.*

EDWARD BERNARD MALONEY, *Petitioner.*

No. 1 CA-CR 24-0563 PRPC

FILED 03-25-2025

Petition for Review from the Superior Court in Yavapai County
No. V1300CR201680128
The Honorable Michael R. Bluff, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Yavapai County Attorney's Office, Prescott
By Dennis M. McGrane
*Counsel for Respondent*

Edward Bernard Maloney, III, Buckeye
*Petitioner*

_____

## MEMORANDUM DECISION

Judge Andrew M. Jacobs delivered the decision of the Court, in which Presiding Judge Cynthia J. Bailey and Vice Chief Judge Randall M. Howe joined.

_____

**J A C O B S**, Judge:

**¶1**        Edward Maloney petitions this Court to review the superior court's denial of his first petition for post-conviction relief under Arizona Rule of Criminal Procedure ("Rule") 32.1. We grant review but deny relief.

### FACTS AND PROCEDURAL HISTORY

**¶2**        In March 2016, law enforcement discovered a computer at Maloney's residence containing images of child pornography. A grand jury indicted Maloney on twelve counts of sexual exploitation of a minor, all class 2 felonies. Following a trial in April 2021, a jury rendered guilty verdicts on all counts and determined that each count was based upon exploitive depictions of minors under fifteen years old.

**¶3**        The superior court sentenced Maloney to twelve consecutive sentences of ten years each and gave Maloney credit for 178 days of presentence incarceration. The court designated each sentence as for the commission of dangerous crimes against children. On direct appeal, this Court affirmed Maloney's convictions. *State v. Maloney*, 1 CA-CR 21-0401, 2022 WL 16570925, at *1 ¶ 2 (Ariz. App. Nov. 1, 2022) (mem. decision).

**¶4**        Maloney petitioned the superior court for post-conviction relief, and the court denied Maloney's petition, concluding Maloney "ha[d] not raised a colorable claim entitling him to an evidentiary hearing."

**¶5**        Maloney seeks review of the court's denial of his petition. *See* Ariz. R. Crim. P. 32.1, 32.16; A.R.S. § 13-4239. We grant review.

### DISCUSSION

**¶6**        We review the superior court's denial of post-conviction relief for abuse of discretion. *State v. Escareno-Meraz*, 232 Ariz. 586, 586 ¶ 1 (App. 2013). The court abuses its discretion "if the court makes an error of law or fails to adequately investigate the facts necessary to support its decision."

*State v. Bigger*, 251 Ariz. 402, 407 ¶ 6 (2021). The petitioner bears the burden to show the court abused its discretion by denying a petition for post-conviction relief. *State v. Poblete*, 227 Ariz. 537, 538 ¶ 1 (App. 2011).

## I. Maloney's Sentence Does Not Violate His Constitutional Protections Against Double Jeopardy.

¶7 Pursuant to Rule 32.1(a), a defendant may obtain post-conviction relief when the imposed sentence violates the United States or Arizona Constitutions. Here, Maloney argues the superior court erred by concluding he failed to present a colorable claim relating to the constitutionality of his sentence, claiming his sentences violate his constitutional protections against double jeopardy.

¶8 "The Double Jeopardy Clauses of the United States and Arizona Constitutions protect criminal defendants from multiple . . . punishments for the same offense." *State v Ortega*, 220 Ariz. 320, 323 ¶ 9 (App. 2008); *see also* U.S. Const. amend. V; Ariz. Const. art. II, § 10. This Court has previously concluded that convictions and punishments for different images discovered on one device "are constitutionally permissible because the legislature intended the unit of prosecution to be each individual 'depiction.'" *State v. McPherson*, 228 Ariz. 557, 560 ¶ 7 (App. 2012) (citing A.R.S. § 13-3553(A)(2)).

¶9 Here, even though law enforcement discovered twelve images of child pornography on a single computer at Maloney's residence, each image is a 'depiction' under A.R.S. § 13-3553(A)(2) and thus can be punished separately. *See id.*; *State v. Berger*, 212 Ariz. 473, 474 ¶ 3 (2006) ("[T]he possession of each image of child pornography is a separate offense."). We therefore conclude the superior court did not abuse its discretion by finding Maloney failed to raise a colorable claim that his double jeopardy rights had been violated.

## II. Maloney's Crimes Were Properly Designated as Dangerous Crimes Against Children.

¶10 Next, Maloney argues the superior court abused its discretion by finding no colorable claim as to the designation of each of his offenses as dangerous crimes against children. Under A.R.S. § 13-3553(C), "[s]exual exploitation of a minor is a class 2 felony" and is punishable pursuant to A.R.S. § 13-705 "if the minor is under fifteen years of age[.]" According to A.R.S. § 13-705(T)(1)(g), sexual exploitation of a minor is a dangerous crime against children. Our supreme court has also recognized the legislature's intent to designate possession of child pornography among crimes as

dangerous crimes against children "to punish and deter those predators who pose a direct and continuing threat to the children of Arizona." *Berger*, 212 Ariz. at 478 ¶ 22 (cleaned up).

¶11 Here, the jury convicted Maloney of twelve counts of sexual exploitation of a minor in violation of A.R.S. § 13-3553(C), and the jury separately found that every count was based upon illicit depictions of minors under fifteen years old. Under A.R.S. § 13-705(T)(1)(g), Maloney's offenses were properly designated as dangerous crimes against children. We therefore find the superior court did not abuse its discretion in finding no colorable claim relating to the classification of Maloney's convictions.

### III. Maloney's Sentences Were Properly Imposed Consecutively.

¶12 Finally, Maloney contends that the sentencing court erred in sentencing each conviction consecutively, instead of concurrently. We disagree. Pursuant to A.R.S. § 13-705(P), each sentence imposed for sexual exploitation of a minor convictions "shall be consecutive to any other sentence imposed on the person at any time[.]" This Court has previously acknowledged the legislature's intent for this elevated punishment for crimes of this nature. *See McPherson*, 228 Ariz. at 561 ¶ 8 ("[T]he legislature intended separate punishments for separate or duplicate images of child pornography, even when those images are acquired at the same time.").

¶13 Here, the sentencing court imposed twelve sentences of ten years each, the minimum sentence required under A.R.S. § 13-705(F). The sentencing court was required by A.R.S. § 13-705(P) to run each sentence consecutively. We therefore find that the superior court did not abuse its discretion in finding no colorable claim relating to Maloney's argument that his sentences were run consecutively in error.

### CONCLUSION

¶14 We grant review but deny relief.



**MATTHEW J. MARTIN • Clerk of the Court**
**FILED**: JR